Michael A. McGill SBN 231613
mcgill@policeattorney.com
**LACKIE & DAMMEIER APC**
367 North Second Avenue
Upland, CA 91786
Telephone: (909) 985-4003
Facsimile:  (909) 985-3299

Attorneys for Plaintiff
KATHY SALAZAR

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KATHY SALAZAR,<br><br>        Plaintiff,<br><br>        vs.<br><br>CITY OF MONTEBELLO, a Municipal Corporation; GARRY COUSO-VASQUEZ, individually and as Chief of Police for the City of Montebello Police Department,<br><br>        Defendants. | Case No.:   CV 07-0055 ABC (FFMx)<br><br>*Honorable Audrey B. Collins*<br><br>**PLAINTIFF'S NOTICE OF EX PARTE APPLICATION AND EX PARTE APPLICATION FOR 1) AN ORDER COMPELLING THE ATTENDANCE OF WITNESS ROBERT DELAREE AT A DEPOSITION; AND 2) SANCTIONS IN THE FORM OF ATTORNEY FEES AND COSTS IN THE AMOUNT OF $1,782.50; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF MICHAEL A. MCGILL** |

TO THE HONORABLE COURT, DEFENDANTS AND ROBERT DELAREE:

PLEASE TAKE NOTICE that Plaintiff KATHY SALAZAR will and hereby does submit to this Court an ex parte application pursuant to this Court's Local Rules, Rule 7-19, for (1) an Order Compelling witness Robert DeLaRee to attend a deposition at Plaintiff's counsel's office on July 28, July 30, or some date soon

1  thereafter; and 2) Sanctions jointly and severally against all Defendants, their

2  counsel, and Robert DeLaRee in the form of attorney fees and costs incurred in

3  having to bring this application.

4       This application is being submitted to the Western Division of the United

5  States District Court for the Central District of California, Courtroom 680, located

6  at 255 East Temple Street, Los Angeles, California.

7       The basis for the ex parte application is that the parties represented to this

8  Court in a stipulation that a key witness in this case, Robert DeLaRee, was

9  unavailable for deposition for approximately six to eight weeks due to the fact that

10  he would be undergoing hip replacement surgery.  On that basis, the parties

11  submitted a stipulation to continue the discovery cutoff date.  However, as it turns

12  out, DeLaRee never underwent surgery, and Defendants' counsel has just informed

13  Plaintiff's counsel that he intends to at the end of this month and that he will be on

14  bed rest for the next four months.  Despite the fact that the witness was available

15  for deposition these past two months, neither DeLaRee, Defendants, nor their

16  counsel ever communicated this fact to Plaintiff's counsel, or this Court.  As a

17  results, the Defendants are attempting to further inhibit discovery, which would

18  necessitate another continuance of the dates in this case, making this case two

19  years old before any meaningful discovery has been completed.

20       This Application is based on this notice, the accompanying memorandum of

21  points and authorities, the attached declaration of Michael A. McGill, all pleadings

22  and other papers filed in this case, matters of which this Court may take judicial

23  notice, and such other evidence and argument as may be presented to the Court at

24  the hearing on this Application.

25       Without the relief requested, Plaintiff would be irreparably injured and

26  prejudiced in that discovery would be put on hold again, despite the fact that

27  DeLaRee has been available for deposition these past few months.  Further,

28  Plaintiff has acted diligently in seeking relief from this Court.

Defendants' counsel in this matter is:
Marlon C. Wadlington, Esq.
ATKINSON, ANDELSON, LOYA, RUUD & ROMO
Cerritos, California 90703
(562) 653-3200 (office)
(562) 653-3333 (fax)
Email: mwadlington@aalrr.com

The undersigned counsel has advised counsel for Defendants that this ex parte request will be made to this Court by faxing this application and attachments to Marlon C. Wadlington, Counsel for Defendants on July 10, 2008 at *1:10* p.m.. (McGill Dec, ¶2)

Dated: July 10, 2008                    LACKIE & DAMMEIER APC

                                        _____
                                        Michael A. McGill
                                        Attorneys for Plaintiff
                                        KATHY SALAZAR

PLAINTIFF'S EX PARTE APPLICATION

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.   STATEMENT OF FACTS

**Background**

1.   This lawsuit has been brought by Plaintiff under 42 U.S.C. Section 1983, claiming retaliation for engaging in protected First Amendment Speech.  Plaintiff was a member of the Citizens Patrol Group for the Montebello Police Department.  (McGill Dec, ¶2)

2.   At the time, Plaintiff was a long-time resident of Montebello and former city council member.  (She is currently a city council member as well.)  As such, she was often asked to provide insight on local matters for newspapers and media outlets.  (McGill Dec, ¶3)

3.   In July or August 2006, she wrote an editorial in a local newspaper regarding matters of public concern.  (McGill Dec, ¶4)

4.   In October 2006, she was fired for writing this article.  (McGill Dec, ¶5)

5.   On this basis, Plaintiff brought the present lawsuit.  (McGill Dec, ¶6)

6.   The Defendants are the City of Montebello and its Chief of Police, Garry Couso-Vasquez.  A key witness to the retaliation is Robert DeLaRee, who was a captain and was present at the meeting where it was concluded that Plaintiff should be fired.  Both Couso-Vasquez and DeLaRee are potentially the only witnesses in this matter, and potentially the only deponents.  (McGill Dec, ¶7)

**Discovery**

7.   On March 6, 2008, Plaintiff properly noticed the depositions of both Couso-Vasquez and DeLaRee for March 27, 2008 and March 28, 2008 respectively.  The depositions were set to take place at Plaintiff's counsel's office.  (Ex. 1; McGill Dec, ¶8)

8.     On March 12, 2008, Defendants' counsel wrote to Plaintiff stating that Couso-Vasquez was on medication that would inhibit his ability to provide accurate testimony, and requested that the deposition be rescheduled four to six weeks.  (Ex. ; McGill Dec, ¶9)

9.     On March 17, 2008, Plaintiff's counsel agreed to continue the discovery cut off date to accommodate Couso-Vasquez's condition. (Ex. 3; McGill Dec, ¶9)

10.    On March 19, 2008, the parties submitted a stipulation to continue the discovery cut-off date as a result of Couso-Vasquez's unavailability. This Court signed the stipulation and continued discovery cut-off to May 14, 2008.  (McGill Dec, ¶9)

11.    On March 21, 2008, Defendants wrote Plaintiff stating that DeLaRee "recently underwent a surgery related to his right hip" and that his restrictions require his deposition to be taken at defense counsel's office or in Montebello.  (Ex. 4; McGill Dec, ¶9)

12.    That same day, Plaintiff emailed Defendants stating that his office is less than 30 miles from Montebello and that numerous accommodations could be made to insure DeLaRee's comfort. Defendants wrote back asking that the deposition be held at a **neutral site**.  (Ex. 5; McGill Dec, ¶9)

13.    On March 25, 2008, Defendants wrote back stating that DeLaRee would not be attending his properly scheduled deposition at Plaintiff's counsel's office.  (Ex. 6; McGill Dec, ¶9)

14.    On March 26, 2008, Defendants faxed to Plaintiff a purported doctor's note that appears to have been written over, that states DeLaRee can not "travel up to Upland, Calif due to medical reasons."  (Ex. 7; McGill Dec, ¶9)

15. On March 27, 2008, Plaintiff wrote to Defendant stating that the deposition would go forward as planned, since Defendants had not properly objected to the deposition notice. (Ex. 9; McGill Dec, ¶9)

16. That same day, Defendants wrote to Plaintiff, and for the first time, stated that DeLaRee was not a current employee and that he would have to be served with a deposition subpoena. (Ex. 8; McGill Dec, ¶9)

17. That same day, Plaintiff responded asking whether counsel would accept service for DeLaRee. (Ex. 10; McGill Dec, ¶9)

18. On March 28, 2008, Defendants' counsel indicated that he was authorized to accept service for DeLaRee. (Ex. 11; McGill Dec, ¶9)

19. On March 31, 2008, Plaintiff issued a deposition subpoena on DeLaRee to Defendants' counsel setting the deposition for April 10, 2008 at Plaintiff's counsel's office. (Ex. 12; McGill Dec, ¶9)

20. At some point after this, Defendants contacted Plaintiff asking to reschedule DeLaRee's deposition. On April 9, 2008, the day before the deposition, Defendants' counsel emailed Plaintiff stating that DeLaRee was having a "reaction to the medication he is on." Inextricably, counsel states that "he believes his surgery will take place in the next ten days and the rehabilitation will last for 6 to 8 weeks." (Ex. 13; McGill Dec, ¶9) Earlier, counsel represented that DeLaRee had just "recently underwent a surgery."

21. Based upon counsel's representation that DeLaRee was having a reaction to his medical condition, Plaintiff's counsel agreed to continue discovery, again.

22. On April 15, 2008, the parties submitted a stipulation to continue the dates in this case, stating in part "one of the key witnesses, Robert DeLaRee, will undergo a hip replacement surgery within the next few weeks and the recuperation period for that procedure will take

anywhere between six to eight weeks." For those reasons, the parties asked that the discovery cut-off date be moved to August 14, 2008. (Ex. 14; McGill Dec, ¶9)

23. On April 17, 2008, this Court, based upon those representations, signed the order.

24. On June 5, 2008 (seven weeks later), Plaintiff's counsel emailed Defendants' counsel asking for available dates to proceed with the depositions. (Ex. 15; McGill Dec, ¶9)

25. By June 27, 2008, Defendants' counsel never responded. On June 27, 2008, Plaintiff's counsel emailed him again, asking for available dates. On June 30th, counsel responded asking for available dates from Plaintiff's counsel. (Ex. 16; McGill Dec, ¶9)

26. On June 30th, Plaintiff's counsel provided available dates to Defendants' counsel. (Ex. 17; McGill Dec, ¶9)

27. On July 2, 2008, Defendants' counsel responded as follows:

> **"As for Robert DeLaRee, he is scheduled to have a hip replacement surgery on July 30, 2008 and will be in an [sic] out of the hospital for the week prior to that time for testing. Let's discuss how you want to proceed with his deposition. He indicated that there is a 4 month at home recover period subsequent to the surgery."** (Ex. 17; McGill Dec, ¶9)

28. Immediately, Plaintiff's counsel responded asking what was going on. Plaintiff's counsel indicated that the parties had represented to this Court that DeLaRee would be having hip replacement surgery in the next few weeks, and would be recuperating for six to eight weeks. Plaintiff's counsel indicated that it was his understanding that the surgery had already occurred and that DeLaRee was recuperating per

1    the stipulation.  It is Plaintiff's counsel's position that if the surgery
2    was going to take seven or more weeks to even occur, DeLaRee's
3    deposition could have already taken place and the stipulation sent to
4    this Court would have been unnecessary.  (Ex. 17; McGill Dec, ¶9)

5    29.   Defendants' counsel did not respond, and on July 9, 2008, Plaintiff's
6          counsel sent over another email asking for an explanation.  (Ex. 17;
7          McGill Dec, ¶9)

8    30.   On July 9, 2008, Defendants' counsel responded that he originally
9          planned on having a minor, noncomplicated surgery.  However, just
10         prior to that surgery, he was told he would need full hip replacement
11         surgery.  He indicated he was having difficulty scheduling that surgery.
12         (Ex. 18; McGill Dec, ¶9)

## II.

## ARGUMENT

1.   **LEGAL STANDARD FOR GRANTING EX PARTE RELIEF FOR LATE RE-FILING.**

In order to file and have an ex parte application heard, a showing must be made that 1) the moving party will suffer "irreparable injury or prejudice" and 2) that the injury or prejudice is "not attributable to the lack of diligence of the moving party."

A.   **PLAINTIFFS WILL BE IRREPARABLY INJURED AND PREJUDICED IF THE MOTION FOR SUMMARY JUDGMENT IS REJECTED**

This action was filed on January 2, 2007.  As of today, no depositions have been taken.  A discovery cut-off date is set for August 14, 2008 and a trial date of November 25, 2008.

Defendants' counsel has just indicated that DeLaRee, an admittedly "key witness," is set to have hip replacement surgery (again), on July 30, 2008 that will keep him "at home" for four months. In addition, he will be "in an [sic] out of the hospital for the week prior for testing. Plaintiff's counsel will be out of the state on a preplanned and paid for vacation from July 15, 2008 through July 24, 2008.

Therefore, without the relief requested, Plaintiff would be irreparably injured and prejudiced in that he would be forced to wait another four months before he could take the deposition of DeLaRee. In addition, Plaintiff requests an order of this Court that DeLaRee present himself for deposition on July 28, 2008, July 30, 2008, or some other date soon thereafter for a deposition. Plaintiff should not have to wait another four months when the deposition could have been taken in the intervening seven weeks.

**B.   DEFENDANTS WILL NOT BE PREJUDICED BY THE RELIEF REQUESTED**

Defendants have indicated that they have no real interest one way or another in DeLaRee's deposition. Thus, they will suffer no prejudice.

**C.   PLAINTIFF ACTED DILIGENTLY AS THE MOVING PARTY**

Plaintiff just discovered that the stipulation presented to this Court was wrong. Plaintiff just learned that the contents of the stipulation sent to the Court were not accurate. DeLaRee did not in fact have hip surgery within a few weeks, and was not at home recuperating from surgery, as was contemplated by the stipulation. Plaintiff just discovered this and has brought it to the Court's attention.

PLAINTIFF'S EX PARTE APPLICATION

## 2. __PLAINTIFF IS ENTITLED TO EX PARTE RELIEF SETTING DELAREE'S DEPOSITION FOR A DATE PRIOR TO HIS SURGERY.__

The parties have continued the cut-off dates in this case twice already. If this Court does not step in, the parties will invariably have to continue discovery until the beginning of next year, making this case two years old.

The parties continued this last discovery cut-off date to accommodate the surgery of DeLaRee that was supposed to happen in May with six to eight weeks of recovery time. Thus, the parties would have been scheduling his deposition about this time. However, it has recently come to Plaintiff's counsel's attention that DeLaRee did not proceed with his surgery as was represented to this Court. DeLaRee's deposition could have been taken. Instead, either DeLaRee or the Defendants' counsel kept this fact a secret in order to delay these proceedings longer. If Plaintiff's counsel would have been told that the surgery was not going forward, we would have insisted that his deposition proceed as originally noticed.

Either DeLaRee or the Defendants have been playing games this entire time. First, they demanded a "neutral site" because DeLaRee didn't want drive less than 30 miles to Plaintiff's counsel's office, despite the numerous accommodations made to them. Then, they produced a suspect doctor's note. Next, after Plaintiff's gives in, they conceal the fact that the representations made to this Court as the basis for the continuance did not in fact occur.

Plaintiff's counsel will be unavailable for a deposition from July 16 through July 24, as he will be on vacation. Plaintiff respectfully requests that this Court order DeLaRee to appear at Plaintiff's counsel's office for a deposition on either July 28, July 30, or some date soon thereafter. In addition, Plaintiff respectfully requests that this Court sanction Defendants, their counsel, and Mr. DeLaRee and order that they jointly and severally be liable for the fees and costs incurred in

1   having to bring this application.  Counsel's fees amount to $1,687.50 and costs are

2   $95.00 (courier fee for having this application filed at the court house).

3

4                                        **III.**

5                                  **<u>CONCLUSION</u>**

6          For the foregoing reasons, Plaintiff respectfully requests that this Court grant

7   its request.

8   Dated: July 10, 2008                      LACKIE & DAMMEIER APC

9

10                                            Michael A. McGill

11                                            Attorneys for Plaintiff

12                                            KATHY SALAZAR

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## DECLARATION OF MICHAEL A. MCGILL

I, Michael A. McGill, declare:

    1.    I am licensed to practice before all Courts in the State of California and the United States District Court for the Central District of California.  I am a partner at the law firm of Lackie, Dammeier & McGill APC, counsel of record for Plaintiff.  I make the following statement of facts based upon personal knowledge, and if called to testify as to them, could and would do so competently.

    2.    I have advised counsel for Defendants that this ex parte request will be made to this Court by faxing this application and attachments to Marlon C. Wadlington, Counsel for Defendants on July 10, 2008 at *1:10* p.m..  As of the filing of this declaration, I have not been told whether Defendants oppose this application.  This lawsuit has been brought by Plaintiff under 42 U.S.C. Section 1983, claiming retaliation for engaging in protected First Amendment Speech. Plaintiff was a member of the Citizens Patrol Group for the Montebello Police Department.

    3.    At the time, Plaintiff was a long-time resident of Montebello and former city council member.  (She is currently a city council member as well.)  As such, she was often asked to provide insight on local matters for newspapers and media outlets.

    4.    In July or August 2006, she wrote an editorial in a local newspaper regarding matters of public concern.

    5.    In October 2006, she was fired for writing this article.

    6.    On this basis, Plaintiff brought the present lawsuit.

    7.    The Defendants are the City of Montebello and its Chief of Police, Garry Couso-Vasquez.  A key witness to the retaliation is Robert DeLaRee, who was a captain and was present at the meeting where it was concluded that Plaintiff should be fired.  Both Couso-Vasquez and DeLaRee are potentially the only witnesses in this matter, and potentially the only deponents.

8.      On March 6, 2008, I properly noticed the depositions of both Couso-Vasquez and DeLaRee for March 27, 2008 and March 28, 2008 respectively.  The depositions were set to take place at my office.

9.      On March 12, 2008, Defendants' counsel wrote to me stating that Couso-Vasquez was on medication that would inhibit his ability to provide accurate testimony, and requested that the deposition be rescheduled four to six weeks.

10.     On March 17, 2008, I agreed to continue the discovery cut off date to accommodate Couso-Vasquez's condition.

11.     On March 19, 2008, the parties submitted a stipulation to continue the discovery cut-off date as a result of Couso-Vasquez's unavailability.  This Court signed the stipulation and continued discovery cut-off to May 14, 2008.

12.     On March 21, 2008, Defendants wrote to me stating that DeLaRee "recently underwent a surgery related to his right hip" and that his restrictions require his deposition to be taken at defense counsel's office or in Montebello.

13.     That same day, I emailed Defendants stating that his office is less than 30 miles from Montebello and that numerous accommodations could be made to insure DeLaRee's comfort.  Defendants wrote back asking that the deposition be held at a **neutral site**.

14.     On March 25, 2008, Defendants wrote back stating that DeLaRee would not be attending his properly scheduled deposition at my office.

15.     On March 26, 2008, Defendants faxed to me a purported doctor's note that appears to have been written over, that states DeLaRee cannot "travel up to Upland, Calif due to medical reasons."

16.     On March 27, 2008, I wrote to Defendant stating that the deposition would go forward as planned, since Defendants had not properly objected to the deposition notice.

1        17.    That same day, Defendants wrote to me, and for the first time, stated

2    that DeLaRee was not a current employee and that he would have to be served with

3    a deposition subpoena.

4        18.    That same day, I responded asking whether counsel would accept

5    service for DeLaRee.

6        19.    On March 28, 2008, Defendants' counsel indicated that he was

7    authorized to accept service for DeLaRee.

8        20.    On March 31, 2008, I issued a deposition subpoena on DeLaRee to

9    Defendants' counsel setting the deposition for April 10, 2008 at my office.

10       21.    At some point after this, Defendants contacted me asking to reschedule

11   DeLaRee's deposition.  On April 9, 2008, the day before the deposition,

12   Defendants' counsel emailed me stating that DeLaRee was having a "reaction to the

13   medication he is on."  Inextricably, counsel states that "he believes his surgery will

14   take place in the next ten days and the rehabilitation will last for 6 to 8 weeks."

15   Earlier, counsel represented that DeLaRee had just "recently underwent a surgery."

16       22.    Based upon counsel's representation that DeLaRee was having a

17   reaction to his medical condition, I agreed to continue discovery, again.

18       23.    On April 15, 2008, the parties submitted a stipulation to continue the

19   dates in this case, stating in part "one of the key witnesses, Robert DeLaRee, will

20   undergo a hip replacement surgery within the next few weeks and the recuperation

21   period for that procedure will take anywhere between six to eight weeks."  For

22   those reasons, the parties asked that the discovery cut-off date be moved to August

23   14, 2008.

24       24.    On April 17, 2008, this Court, based upon those representations,

25   signed the order.

26       25.    On June 5, 2008 (seven weeks later), I emailed Defendants' counsel

27   asking for available dates to proceed with the depositions.

28

**PLAINTIFF'S EX PARTE APPLICATION**

26.     By June 27, 2008, Defendants' counsel never responded.  On June 27, 2008, I emailed him again, asking for available dates.  On June 30th, counsel responded asking for available dates from me.

27.     On June 30th, I provided available dates to Defendants' counsel.

28.     On July 2, 2008, Defendants' counsel responded as follows:

> **"As for Robert DeLaRee, he is scheduled to have a hip replacement surgery on July 30, 2008 and will be in an [sic] out of the hospital for the week prior to that time for testing.  Let's discuss how you want to proceed with his deposition.  He indicated that there is a 4 month at home recover period subsequent to the surgery."**

29.     Immediately, I responded asking what was going on.  I indicated that the parties had represented to this Court that DeLaRee would be having hip replacement surgery in the next few weeks, and would be recuperating for six to eight weeks.  I indicated that it was his understanding that the surgery had already occurred and that DeLaRee was recuperating per the stipulation.  It is my position that if the surgery was going to take seven or more weeks to even occur, DeLaRee's deposition could have already taken place and the stipulation sent to this Court would have been unnecessary.

30.     Defendants' counsel did not respond, and on July 9, 2008, I sent over another email asking for an explanation.

31.     On July 9, 2008, Defendants' counsel responded that he originally planned on having a minor, noncomplicated surgery.  However, just prior to that surgery, he was told he would need full hip replacement surgery.  He indicated he was having difficulty scheduling that surgery.

32.    My client had necessarily incurred attorney fees in the amount of $1,782.50 for my work in having to bring this action.  This includes $1,687.50 in fees and $95.00 in courier expenses for having to file this application.

33.    This application is necessary because the discovery cut off date and trial date will expire before Plaintiff has an opportunity to take the deposition of a key witness, Robert DeLaRee.  In addition, if this application is not granted, DeLaRee will proceed with his surgery and the parties will have no choice but to wait another four months for his recuperation thereby putting this case on hold even further.  This case will then be over two years old with no meaningful discovery having been completed.  This application is especially necessary since either the Defendants, their counsel, or Mr. DeLaRee intentionally withheld the fact that his original surgery, which was the reason for the continuance, never occurred and thus he was available this whole time.  His action should not be condoned by this Court.

I declare under penalty of perjury under the laws of the State of California and the United States that the foregoing is true and correct.

Dated: July 10, 2008

Michael A. McGill

# EXHIBIT 1

Michael A. McGill SBN 231613
mcgill@policeattorney.com
**LACKIE & DAMMEIER APC**
367 North Second Avenue
Upland, CA 91786
Telephone: (909) 985-4003
Facsimile: (909) 985-3299

Attorneys for Plaintiff
KATHY SALAZAR

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| KATHY SALAZAR, | Case No.:   CV07-0055 ABC (FFMx) |
|---|---|
| Plaintiff, | Honorable Audrey B. Collins |
| vs. | **NOTICE OF DEPOSITION** |
| CITY OF MONTEBELLO, a Municipal Corporation; GARRY COUSO-VASQUEZ, individually and as Chief of Police for the City of Montebello Police Department, | |
| Defendants. | |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD HEREIN:

YOU ARE HEREBY NOTIFIED THAT the deposition of **ROBERT DELAREE** will be taken on <u>**Friday, March 28, 2008 at 9:00 a.m.**</u>, and continuing from day to day thereafter until completed at the Law Office of Lackie & Dammeier APC, located at <u>367 North Second Avenue, Upland, California, 91786</u>.

YOU ARE FURTHER NOTIFIED THAT:

[ X ]   <u>Party Deponent:</u>     The Deponent is a party to this action or is an officer, agent, director or employee of a party to this action.

[  ]  <u>Non-party Deponent:</u>     The Deponent is not a party to this action.  So far as known to the deposing party, the deponent's address and telephone number are as follows:

[  ]  <u>Deponent a corporation or other entity:</u>  The Deponent is not a natural person.  The matters in which the Deponent will be examined are as follows:

[  ]  <u>Items to be produced by Deponent-party:</u>  The Deponent, who is a party to this action or is an officer, agent, director or employee of a party to this action is required to produce the following documents, records or other materials at said deposition:

The term "DOCUMENTS" shall mean and refer to any writings used in Evidence Code Section 250, and any other tangible thing known to YOU or in YOUR possession, custody or control, whether printed, recorded or reproduced by any means, and whether or not claimed to be privileged or exempt for production for any reason, including by not limited to the following:

Correspondence, letters, facsimiles, e-mail, memoranda, notes, charts, transcripts, minutes of meetings, interoffice and intra office communications, reports, forecasts, estimates, requests, summaries, instructions, descriptions, analysis, statements, recommendations, inventories, certificates, notices, return receipts, contracts, agreements, certifications, approvals, authorizations, lists, diagrams, diaries, desk calendar notations, microfilm, microfiche, photographs, magnetic tape recordings, compact disks or other digital recordings, computer disks and diskettes, teletype messages, films, computer printouts, telegrams, news releases, newspapers, periodicals, books, bulletins, circulars, pamphlets, manuals, affidavits, waivers, accounting work sheets, bills, invoices, financial statements, statement of account, ledger sheets, statistical statements, appraisals, credit files, evidences of indebtedness, checks, promissory notes, receipts, instruments, or materials similar to any of the foregoing, however denominated.

1  [ ]    <u>Recording proceedings:</u>  The Deposing party intends to cause the

2  proceedings to be recorded both stenographically and by audio/video

3  tape.

4  [ ]    <u>Expert witness video:</u>  The Deponent is an expert witness or a

5  treating or consulting physician.   The deposing party intends to make a

6  video tape recording of the proceedings and reserves the right to use said

7  video tape recording at trial in lieu of live testimony from the deponent

8  in accordance with CCP §2025(u)(4).

9       A list of all parties or attorneys for parties on whom this notice of deposition

10 is being served is shown on the accompanying proof of service.

11

12 DATED: March 5, 2008                      LACKIE & DAMMEIER APC

13

14

15 By: _____

16        Michael A. McGill

17        Attorneys for Plaintiff,
          KATHY SALAZAR

18

19

20

21

22

23

24

25

26

27

28

1

## **PROOF OF SERVICE**

2         I declare that I am over the age of eighteen (18) and not a party to this action. My

3   business address is 367 North Second Ave., Upland, California 91786.

      On **March 6, 2008,** I served the following document described as **NOTICE OF**

4   **DEPOSITION** on the interested parties in this action by placing a true and correct copy of

5   each document thereof, enclosed in a sealed envelope addressed as follows:

6   Irma Rodriguez, Esq.
Marlon C. Wadlington, Esq.

7   Atkinson, Andelson, Loya, Ruud & Romo, APC
17871 Park Plaza Drive, Suite 200

8   Cerritos, CA 90703-8597
Tel: (562) 653-3200

9   Fax: (562) 653-3333

10

11   (X)      I am readily familiar with the business practice for collection and processing of
correspondence for mailing with the United States Postal Service. I know that the

12            correspondence was deposited with the United States Postal Service on the same
day this declaration was executed in the ordinary course of business. I know that

13            the envelope was sealed and, with postage thereon fully prepaid, placed for
collection and mailing on this date in the United States mail at Upland, California.

14

15   (  )      By Personal Service, I caused such envelope to be delivered by hand to the above
addressee(s).

16

17   (  )      By overnight courier, I caused the above-referenced document(s) to be delivered to
an overnight courier service (UPS), for delivery to the above addressee(s).

18

19   (X)      By facsimile machine, I caused the above-referenced document(s) to be transmitted
to the above-named persons(s) at the following telecopy number:

20   (  )      Certified Mail:

21

22   I declare under penalty of perjury under the laws of the State of California that the

23   foregoing is true and correct. Executed March 6, 2008 at Upland, California.

24

25                                Roseanna Rodriguez

26

27

28

# LACKIE & DAMMEIER APC

367 North Second Avenue
Upland, CA 91786
Telephone: 909-985-4003
Fax: 909-985-3299

# FAX COVER SHEET

**FACSIMILE NUMBER TRANSMITTED TO: 562-653-3333**

To:    Irma Rodriguez, Esq.

From:  Michael A. McGill, Esq.

Date:  March 6, 2008

Re:    Kathy Salazar v. City of Montebello, et al.
       Case No.: CV 07-0055 ABC (FFMx)

| DOCUMENTS | NUMBER OF PAGES* |
|---|---|
| Notice of Deposition | 8 |
|  |  |

\* NOT COUNTING COVER SHEET. IF YOU DO NOT RECEIVE <u>ALL</u> PAGES, PLEASE TELEPHONE US IMMEDIATELY AT 909-985-4003.

## <u>CONFIDENTIALITY NOTICE</u>

*The documents accompanying this facsimile transmission contain confidential information belonging to the sender which is legally privileged.  The information is intended only for the use of the individual or entity named above.  If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution or the taking of any action in reliance on the contents of this facsimile information is strictly prohibited.  If you have received this facsimile in error, please immediately notify the sender by telephone to arrange for the return of the original documents.*

## hp LaserJet *3015*



LACKIE&DAMMEIER
909 9853299
Mar-6-2008    9:32AM

---

### Fax Call Report

| Job | Date | Time | Type | Identification | Duration | Pages | Result |
|-----|------|------|------|----------------|----------|-------|--------|
| 796 | 3/ 6/2008 | 9:26:48AM | Send | 915626533333 | 5:48 | 9 | OK |

---

**LACKIE & DAMMEIER APC**
367 North Second Avenue
Upland, CA 91786
Telephone: 909-985-4003
Fax: 909-985-3299

# FAX COVER SHEET

FACSIMILE NUMBER TRANSMITTED TO:  562-653-3333

To:   Irma Rodriguez, Esq.

From:  Michael A. McGill, Esq.

Date:  March 6, 2008

Re:   Kathy Salazar v. City of Montebello, et al.
      Case No.: CV 07-0055 ABC (FFMx)

| DOCUMENTS | NUMBER OF PAGES* |
|-----------|------------------|
| Notice of Deposition | 8 |
|  |  |

\* NOT COUNTING COVER SHEET. IF YOU DO NOT RECEIVE ALL PAGES, PLEASE TELEPHONE US IMMEDIATELY AT 909-985-4003.

<u>CONFIDENTIALITY NOTICE</u>

*The documents accompanying this facsimile transmission contain confidential information belonging to the sender which is legally privileged.  The information is intended only for the use of the individual or entity named above. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution or the taking of any action in reliance on the contents of this facsimile information is strictly prohibited.  If you have received this facsimile in error, please immediately notify the sender by telephone to arrange for the return of the original documents.*

1  Michael A. McGill SBN 231613
   mcgill@policeattorney.com
2  **LACKIE & DAMMEIER APC**
   367 North Second Avenue
3  Upland, CA 91786
   Telephone: (909) 985-4003
4  Facsimile: (909) 985-3299

5  Attorneys for Plaintiff
   KATHY SALAZAR

6

7              UNITED STATES DISTRICT COURT

8             CENTRAL DISTRICT OF CALIFORNIA

9

10  KATHY SALAZAR,                  ) Case No.:   CV07-0055 ABC (FFMx)
                                    )
11                                  ) Honorable Audrey B. Collins
          Plaintiff,                )
12                                  ) **NOTICE OF DEPOSITION**
                                    )
13        vs.                       )
                                    )
14                                  )
    CITY OF MONTEBELLO, a           )
15  Municipal Corporation; GARRY    )
    COUSO-VASQUEZ, individually and )
16  as Chief of Police for the City of )
    Montebello Police Department,   )
17                                  )
                                    )
18        Defendants.               )
                                    )
19                                  )
                                    )
20  ───────────────────────────────

21      TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD HEREIN:

22      YOU ARE HEREBY NOTIFIED THAT the deposition of **GARRY**

23  **COUSO-VASQUEZ** will be taken on <u>**Thursday, March 27, 2008 at 9:00 a.m.**</u>,

24  and continuing from day to day thereafter until completed at the Law Office of

25  Lackie & Dammeier APC, located at <u>367 North Second Avenue, Upland,</u>

26  <u>California, 91786</u>.

27      YOU ARE FURTHER NOTIFIED THAT:

28  [ X ]  <u>Party Deponent:</u>    The Deponent is a party to this action or is an officer,

    agent, director or employee of a party to this action.

                                 1

1  [  ]  <u>Non-party Deponent:</u>      The Deponent is not a party to this action.  So far

2  as known to the deposing party, the deponent's address and telephone number are

3  as follows:

4  [  ]  <u>Deponent a corporation or other entity:</u>  The Deponent is not a natural

5  person.  The matters in which the Deponent will be examined are as follows:

6  [  ]  <u>Items to be produced by Deponent-party:</u>  The Deponent, who is a party to

7  this action or is an officer, agent, director or employee of a party to this action is

8  required to produce the following documents, records or other materials at said

9  deposition:

10      The term "DOCUMENTS" shall mean and refer to any writings used in

11  Evidence Code Section 250, and any other tangible thing known to YOU or in

12  YOUR possession, custody or control, whether printed, recorded or reproduced by

13  any means, and whether or not claimed to be privileged or exempt for production

14  for any reason, including by not limited to the following:

15              Correspondence, letters, facsimiles, e-mail, memoranda, notes,
              charts, transcripts, minutes of meetings, interoffice and intra
16              office communications, reports, forecasts, estimates,
              requests, summaries, instructions, descriptions, analysis,
17              statements, recommendations, inventories, certificates,
18              notices, return receipts, contracts, agreements,
              certifications, approvals, authorizations, lists, diagrams,
19              diaries, desk calendar notations, microfilm, microfiche,
20              photographs, magnetic tape recordings, compact disks or
              other digital recordings, computer disks and diskettes,
21              teletype messages, films, computer printouts, telegrams,
22              news releases, newspapers, periodicals, books, bulletins,
              circulars, pamphlets, manuals, affidavits, waivers,
23              accounting work sheets, bills, invoices, financial
24              statements, statement of account, ledger sheets, statistical
              statements, appraisals, credit files, evidences of
25              indebtedness, checks, promissory notes, receipts,
26              instruments, or materials similar to any of the foregoing,
              however denominated.

27

28

1  [ ]    <u>Recording proceedings:</u>  The Deposing party intends to cause the
2  proceedings to be recorded both stenographically and by audio/video
3  tape.
4  [ ]    <u>Expert witness video:</u>  The Deponent is an expert witness or a
5  treating or consulting physician.   The deposing party intends to make a
6  video tape recording of the proceedings and reserves the right to use said
7  video tape recording at trial in lieu of live testimony from the deponent
8  in accordance with CCP §2025(u)(4).
9       A list of all parties or attorneys for parties on whom this notice of deposition
10 is being served is shown on the accompanying proof of service.
11
12 DATED: March 5, 2008                    LACKIE & DAMMEIER APC
13
14
15                                 By: _____
16                                     Michael A. McGill
17                                     Attorneys for Plaintiff,
18                                     KATHY SALAZAR
19
20
21
22
23
24
25
26
27
28

## PROOF OF SERVICE

I declare that I am over the age of eighteen (18) and not a party to this action.  My business address is 367 North Second Ave., Upland, California 91786.

On **March 6, 2008,** I served the following document described as **NOTICE OF DEPOSITION** on the interested parties in this action by placing a true and correct copy of each document thereof, enclosed in a sealed envelope addressed as follows:

Irma Rodriguez, Esq.
Marlon C. Wadlington, Esq.
Atkinson, Andelson, Loya, Ruud & Romo, APC
17871 Park Plaza Drive, Suite 200
Cerritos, CA 90703-8597
Tel:  (562) 653-3200
Fax:  (562) 653-3333

(X)     I am readily familiar with the business practice for collection and processing of correspondence for mailing with the United States Postal Service.  I know that the correspondence was deposited with the United States Postal Service on the same day this declaration was executed in the ordinary course of business.  I know that the envelope was sealed and, with postage thereon fully prepaid, placed for collection and mailing on this date in the United States mail at Upland, California.

(  )     By Personal Service, I caused such envelope to be delivered by hand to the above addressee(s).

(  )     By overnight courier, I caused the above-referenced document(s) to be delivered to an overnight courier service (UPS), for delivery to the above addressee(s).

(X)     By facsimile machine, I caused the above-referenced document(s) to be transmitted to the above-named persons(s) at the following telecopy number:

(  )     Certified Mail:

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.  Executed March 6, 2008 at Upland, California.

Roseanna Rodriguez

**EXHIBIT 2**

ATKINSON, ANDELSON, LOYA, RUUD & ROMO

A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW

PLEASANTON
(925) 227-9200
FAX (925) 227-0202

RIVERSIDE
(951) 683-1122
FAX (951) 683-1144

FRESNO
(559) 225-6700
FAX (559) 225-3416

17871 PARK PLAZA DRIVE
CERRITOS, CALIFORNIA 90703-8597
(562) 653-3200 · (714) 826-5480

FAX (562) 653-3333
WWW.AALRR.COM

SACRAMENTO
(916) 923-1300
FAX (916) 923-1222

SAN DIEGO
(858) 485-9526
FAX (858) 485-9412

OUR FILE NUMBER:

005779.00007
882428v1

March 12, 2008

*VIA FACSIMILE*
*AND FIRST CLASS MAIL*

Michael A. McGill
Lackie & Dammeier APC
367 North Second Avenue
Upland, CA 91786

Re:    **Kathy Salazar v. City of Montebello, et al.**

Dear Mr. McGill:

This correspondence will serve as a response to your deposition notices as it pertains to Defendant Garry Couso-Vazquez.

Defendant Couso-Vazquez recently had a surgery on his back. He is currently taking medication prescribed for the pain which affects his ability to provide his best testimony at deposition. He believes that he should be in a position to be off the medication within 4 to 6 weeks. Thus he would like to have the date for his deposition continued taking the above into consideration.

Defendant Couso-Vazquez and the City of Montebello are willing to have the deposition go forward after the discovery cut-off. With that being said, please contact my office to discuss alternate dates for the deposition

Very truly yours,

ATKINSON, ANDELSON, LOYA, RUUD & ROMO

Marlon C. Wadlington

MCW/mam

**ATKINSON, ANDELSON, LOYA, RUUD & ROMO**
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
17871 PARK PLAZA DRIVE, SUITE 200
CERRITOS, CA 90703-8597
(562) 653-3200 • (714) 826-5480
FAX: (562) 653-3333

# FACSIMILE TRANSMITTAL COVER SHEET

March 12, 2008

OUR FILE NUMBER
005779.00007
777949v1

| <u>TO:</u> | <u>COMPANY</u> | <u>FAX#:</u> | <u>PHONE</u> |
|---|---|---|---|
| **Michael A. McGill** | Lackie & Dammeier APC | (909) 985-3299 | |

FROM:      Marlon C. Wadlington

RE:        <u>**Kathy Salazar v. City of Montebello**</u>

MESSAGE:

ORIGINAL WILL FOLLOW BY MAIL:      -Yes-

NUMBER OF PAGES (including this sheet):  2

If you do not receive the correct number of pages,
please contact Melissa A. Martinez at (562) 653-3591.

This facsimile message is intended only for the individual or entity named above and may contain privileged and confidential information. If you are not the intended recipient, or the employee or agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify this office immediately by telephone and return the original transmittal to us at the above address via the U.S. Postal Service. Thank you.

**EXHIBIT 3**

*ROUDLY SERVING MEMBERS OF
HE FOLLOWING PUBLIC SAFETY
NIONS:*

*DELANTO CORRECTIONAL FEA
LHAMBRA POA
NAHEIM POA
ZUSA POA
ZUSA CAPP
ALDWIN PARK POA
ARSTOW POA
EAUMONT POA
ELL POA
UENA PARK POA
URBANK AIRPORT POA
URBANK POA
ALEXICO POA
ALIFORNIA CITY PFA
A CORRECT. SUPV. ORG.
ATHEDRAL CITY POA
HAFFEY COLLEGE POA
HINO PMA
HINO POA
LAREMONT POA
OLTON POA
OMPTON USD POA
ORONA POA
OSTA MESA POA
ULVER CITY POA
YPRESS POA
DELANO POA
DESERT HOT SPRINGS POA
EAST SAN GABRIEL POA
EL MONTE POA
FONTANA POA
FONTANA SCHOOLS POA
FRESNO POA
GARDENA POA
GARDEN GROVE POA
GLENDALE PARK RANGERS
GLENDORA POA
HEMET PMA
HERMOSA BEACH POA
HUNTINGTON PARK POA
IMPERIAL POA
INGLEWOOD POA
INGLEWOOD SCHOOLS POA
NYO DSA
IRWINDALE POA
LA HABRA POA
LA VERNE POA
LONG BEACH AIRPORT POA
LONG BEACH CC POA
L.A. AIRPORT POA
L.A. COPS
L.A. CORONERS INV. ASSN.
L.A. COUNTY POA
L.A. GENERAL SERV. POA
L.A. POLICE PROTECTIVE LEAGUE
L.A. PORT POA
L.A. SCHOOLS POA
MAMMOTH LAKES POA
MAYWOOD POA
MONO COUNTY DSA
MONO COUNTY PSA
MONROVIA POA
MONTCLAIR POA
MONTEBELLO POA
MONTEREY PARK POA
MONTEREY POA
MURRIETA POA
PORAC'S LDF
RETIRED POAC
RIALTO PMA
RIALTO POA
RIDGECREST POA
RIVERSIDE POA
RIVERSIDE SHERIFFS LEMU
SAN BERNARDINO POA
SAN BERNARDINO COUNTY POA
SAN DIEGO COLLEGE POA
SAN FERNANDO POA
SAN GABRIEL POA
SAN MARINO POA
SANTA PAULA POA
SIERRA MADRE POA
SIGNAL HILL POA
SOUTH GATE POA
TEAMSTERS, LOCAL 911
TORRANCE POA
TRINIDAD POA
UPLAND PFA
UPLAND POA
U.C. BERKELEY POA
U.C. DAVIS POA
U.C. IRVINE POA
U.C. LOS ANGELES POA
U.C. MERCED POA
U.C. RIVERSIDE POA
U.C. SAN DIEGO POA
U.C. SAN FRANCISCO POA
U.C. SANTA BARBARA POA
U.C. SANTA CRUZ POA
VICTORVILLE PFA
WESTMINSTER POA*

**LACKIE & DAMMEIER**

A PROFESSIONAL CORPORATION

**FILE**

367 NORTH SECOND AVENUE
UPLAND, CALIFORNIA 91786
TELEPHONE: (909) 985-4003
FACSIMILE: (909) 985-3299

DIETER C. DAMMEIER
SAKU E. ETHIR
MICHAEL A. MCGILL
ANDREW M. DAWSON
TIMOTHY M. PESCATELLO
JOHN H. BAKHIT
JOHN J. PEARSON
STEVEN J. BROCK
JULIO A. JARAMILLO
ZAHRA KHOURY

OF COUNSEL
MICHAEL D. LACKIE, APC

SENDER'S EMAIL:
MCGILL@POLICEATTORNEY.COM

March 17, 2008

**VIA FACSIMILE & MAIL**
**(562) 653-3333**

Marlon C. Wadlington, Esq.
Atkinson, Andelson, Loya, Ruud & Romo
17871 Park Plaza Drive, Suite 200
Cerritos, CA 90703-8597

    *Re:   Kathy Salazar v. City of Montebello, et al.*
          *Case No.: CV 07-0055 ABC (FFMx)*

Dear Mr. Wadlington:

    I am in receipt of your correspondence regarding Chief Couso-Vasquez's deposition. Obviously, if he is on medication that renders him unfit to provide accurate testimony, his deposition shall have to be rescheduled. However, the problem is that Chief Couso-Vasquez's deposition is one that may spawn additional depositions. Thus, after his deposition, it may be necessary to depose individuals that he implicates. Thus, your offer to allow the deposition after the discovery cut-off is of little assistance, unless you allow other necessary depositions as well. Please confirm in writing that you will allow such depositions, or we will need to present a stipulation to continue the discovery cut-off date.

    In addition, please provide me with available dates so that we can continue the Chief's deposition. I will not formally take Chief Couso-Vasquez's deposition off calendar until we have confirmed a new date and resolved the aforementioned issue. As for Mr. DeLaRee's deposition, we are still on. However, Ms. Salazar's deposition currently scheduled for April 11, 2008, will be continued to a date after Chief Couso-Vasquez.

                    Very truly yours,

                    LACKIE & DAMMEIER, APC

                    Michael A. McGill

cc: Kathy Salazar (via email only)

**LACKIE & DAMMEIER A C**
367 North Second Avenue
Upland, CA 91786
Telephone: 909-985-4003
Fax: 909-985-3299

# FAX COVER SHEET

## FACSIMILE NUMBER TRANSMITTED TO:  562-653-3333

**To:**        Marlon C. Wadlington, Esq.

**From:**    Michael McGill

**Date:**    March 17, 2008

**Re:**        *Kathy Salazar vs. City of Montebello et al*

| DOCUMENTS | NUMBER OF PAGES* |
|---|---|
| Correspondence dated March 17, 2008 | 1 |
|  |  |

\* NOT COUNTING COVER SHEET. IF YOU DO NOT RECEIVE <u>ALL</u> PAGES, PLEASE TELEPHONE US IMMEDIATELY AT 909-985-4003.

## CONFIDENTIALITY NOTICE

*The documents accompanying this facsimile transmission contain confidential information belonging to the sender which is legally privileged.  The information is intended only for the use of the individual or entity named above.  If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution or the taking of any action in reliance on the contents of this facsimile information is strictly prohibited.  If you have received this facsimile in error, please immediately notify the sender by telephone to arrange for the return of the original documents.*

hp LaserJet *3015*



LACKIE&DAMMEIER
909 9853299
Mar-17-2008   1:41PM

## Fax Call Report

| Job | Date | Time | Type | Identification | Duration | Pages | Result |
|-----|------|------|------|----------------|----------|-------|--------|
| 999 | 3/17/2008 | 1:39:31PM | Send | 915626533333 | 1:36 | 2 | OK |

---

**LACKIE & DAMMEIER APC**
367 North Second Avenue
Upland, CA 91786
Telephone: 909-985-4003
Fax: 909-985-3299

# FAX COVER SHEET

**FACSIMILE NUMBER TRANSMITTED TO:  562-653-3333**

| | |
|---|---|
| **To:** | Marlon C. Wadlington, Esq. |
| **From:** | Michael McGill |
| **Date:** | March 17, 2008 |
| **Re:** | *Kathy Salazar vs. City of Montebello et al* |

| DOCUMENTS | NUMBER OF PAGES* |
|-----------|------------------|
| Correspondence dated March 17, 2008 | 1 |

* NOT COUNTING COVER SHEET. IF YOU DO NOT RECEIVE ALL PAGES, PLEASE TELEPHONE US
IMMEDIATELY AT 909-985-4003.

<u>CONFIDENTIALITY NOTICE</u>

*The documents accompanying this facsimile transmission contain confidential information
belonging to the sender which is legally privileged.  The information is intended only for the
use of the individual or entity named above.  If you are not the intended recipient, you are
hereby notified that any disclosure, copying, distribution or the taking of any action in
reliance on the contents of this facsimile information is strictly prohibited.  If you have
received this facsimile in error, please immediately notify the sender by telephone to arrange
for the return of the original documents.*

# EXHIBIT 4

ATKINSON, ANDELSON, LOYA, RUUD & ROMO

A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW

PLEASANTON
(925) 227-9200
FAX (925) 227-9202

RIVERSIDE
(951) 683-1122
FAX (951) 683-1144

FRESNO
(559) 225-6700
FAX (559) 225-3416

17871 PARK PLAZA DRIVE
CERRITOS, CALIFORNIA 90703-8597
(562) 653-3200 - (714) 826-5480

FAX (562) 653-3333
WWW.AALRR.COM

SACRAMENTO
(916) 923-1200
FAX (916) 923-1222

SAN DIEGO
(858) 485-9526
FAX (858) 485-9412

OUR FILE NUMBER:

005779.00007
887204v1

March 21, 2008

*VIA FACSIMILE*
*AND FIRST CLASS MAIL*

Michael A. McGill
Lackie & Dammeier APC
367 North Second Avenue
Upland, CA  91786

Re:      **Kathy Salazar v. City of Montebello, et al.**

Dear Mr. McGill:

In response to your notice of deposition of Robert DeLaRee, we contacted him to discuss his availability to attend on March 28, 2008 at your offices.  Mr. DeLaRee informed me that he recently underwent a surgery to replace his right hip.  Thus, he has restrictions against prolonged, sitting, walking and laying down.  I have enclosed a copy of the doctor's note forwarded to our attention.

I propose that the deposition either be taken at our office in Cerritos, or at the City of Montebello.  Please contact me with your thoughts at your earliest convenience.

Very truly yours,

ATKINSON, ANDELSON, LOYA, RUUD & ROMO

Marlon C. Wadlington

MCW/cb/mam
Enclosure

P.1

3102777774

Isaac Schmidt

Mar 19 08 09:12a

ISAAC SCHMIDT, M.D.
ORTHOPAEDIC SURGERY
1125 S. Beverly Drive, Ste.601
Los Angeles, CA 90035
310. 277. 7774

*Attn: Marlon*
*Wadlington*
*562-653-3333*

NAME *Robert DeLa Ree*                     DATE *3/19/08*

☒ THE ABOVE NAMED PATIENT IS UNDER MY CARE AS OF THE OBOVE DATE

☐ MAY RETURN TO REGULAR WORK ON _____

☐ IS TEMPORARILY TOTALLY DISABLED THROUGH _____

☐ IS PERMANENTLY TOTALLY DISABLED _____

☐ IS TEMPORARILY PARTIALLY DISABLED _____

☐ IS PERMANENTLY PARTIALLY DISABLED _____

☐ MAY RETURN TO WORK ON *We are waiting for pt to have*

☐ WITH RESTRICTIONS *Pt has had six surgeries.*

☐ IF WORK WITH ABOVE RESTRICTIONS IS NOT AVAILABLE PATIENT IS
CONSIDERED TOTALLY DISABLED. *walk, pro-long sitting*

*Pt is unable to pro-long*                ISAAC SCHMIDT, M.D.
*standing or laying down.*          BY: _____

**EXHIBIT 5**

**Michael McGill**

---

| | |
|---|---|
| **From:** | Marlon C. Wadlington [MWadlington@aalrr.com] |
| **Sent:** | Friday, March 21, 2008 4:53 PM |
| **To:** | mcgill@policeattorney.com |
| **Cc:** | Marlon C. Wadlington |
| **Subject:** | RE: Salazar v. City of Montebello |

I meant neutral as in in between Montebello and Upland.  I will call him on Monday and address your last response.  Have a great Easter.

Sent from my GoodLink synchronized handheld (www.good.com)

-----Original Message-----
From:  Michael McGill [mailto:mcgill@policeattorney.com]
Sent:  Friday, March 21, 2008 04:32 PM Pacific Standard Time
To:   Marlon C. Wadlington
Subject:    RE: Salazar v. City of Montebello

I don't want to endanger the man.  Whatever I can do, within reason, I will do.  It will be a very short depo and we can take breaks whenever, etc.  We can start at whatever time he wants to.

But, you mention a neutral site.  That tell's me he just doesn't want to do the depo in my office, not that he is medically precluded from it.  Its a nice drive, my staff is very nice, he has nothing to fear.

Let me know.
Mike

---

From: Marlon C. Wadlington [mailto:MWadlington@aalrr.com]
Sent: Friday, March 21, 2008 4:13 PM
To: mcgill@policeattorney.com
Cc: Irma Rodriguez Moisa
Subject: RE: Salazar v. City of Montebello

As I am sure you know, it is not my concern.  However, he is under the impression that it is not in his medical interests.  Do you have another proposal?  Any other neutral sites?  Let me know your thoughts.

Sent from my GoodLink synchronized handheld (www.good.com)

-----Original Message-----
From:  Michael McGill [mailto:mcgill@policeattorney.com]
Sent:  Friday, March 21, 2008 02:30 PM Pacific Standard Time
To:   Marlon C. Wadlington
Subject:    RE: Salazar v. City of Montebello

Marlon:

I read your letter re Mr. DeLaRee's deposition.  I don't generally agree to take depositions at other locations than my office.  What is the concern about having the deposition at my office....the drive out there?  (My office is like 30 miles from Montebello).

Mike

# EXHIBIT 6

## Michael McGill

| | |
|---|---|
| **From:** | Marlon C. Wadlington [MWadlington@aalrr.com] |
| **Sent:** | Tuesday, March 25, 2008 11:24 AM |
| **To:** | mcgill@policeattorney.com |
| **Cc:** | Irma Rodriguez Moisa |
| **Subject:** | Salazar v. City of Montebello |

In regard to the deposition of Defendant Gary Cousso-Vazquez, pursuant to our earlier communications regarding his recovery from back surgery, and the court's approval of the stipulation to continue the discovery and motion cut-off dates, that deposition will not be going forward on March 27, 2008.

In regard to the deposition of Robert DeLaRee, we discussed on Friday whether there were any locations, other than your offices in the city of Upland, where the deposition could take place.  This request was made pursuant to the doctor's note submitted stating that Mr. DeLaRee is not to sit, stand, or walk for long distances.  We offered to have the deposition remain on calendar, but be taken at our office, or at the city of Montebello's offices.  In speaking with Mr. DeLaRee today, he is adamant that a drive and deposition at your offices will cause him great discomfort.   Thus, do you want to proceed with the deposition at the other proposed locations, or do you want to continue the depositions to a later date?

I will await your response.


Marlon C. Wadlington
Attorney

==================================
This email message is for the sole use of the intended recipient(s) and may contain privileged and confidential information. Any unauthorized review, use, disclosure or distribution is prohibited.

If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message. Thank you.

**EXHIBIT 7**

ATKINSON, ANDELSON, LOYA, RUUD & ROMO
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
17871 PARK PLAZA DRIVE, SUITE 200
CERRITOS, CA 90703-8597
(562) 653-3200 • (714) 826-5480
FAX: (562) 653-3333

# FACSIMILE TRANSMITTAL COVER SHEET

March 26, 2008

OUR FILE NUMBER
005770.00007
777949V1

| TO: | COMPANY | FAX#: | PHONE |
|-----|---------|-------|-------|
| Michael A. McGill | Lackie & Dammeier APC | (909) 985-3299 | |

FROM:     Marlon C. Wadlington

RE:     **Kathy Salazar v. City of Montebello**

MESSAGE:

ORIGINAL WILL FOLLOW BY MAIL:     -Yes-

NUMBER OF PAGES (including this sheet):  3

If you do not receive the correct number of pages,
please contact Carsi at (562) 653-3591.

This facsimile message is intended only for the individual or entity named above and may contain privileged and confidential information. If you are not the intended recipient, or the employee or agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify this office immediately by telephone and return the original transmittal to us at the above address via the U.S. Postal Service. Thank you.

ATKINSON, ANDELSON, LOYA, RUUD & ROMO

A PROFESSIONAL CORPORATION

ATTORNEYS AT LAW

17871 PARK PLAZA DRIVE
CERRITOS, CALIFORNIA 90703-8597
(562) 653-3200 · (714) 826-5480

FAX (562) 653-3333
WWW.AALRR.COM

**PLEASANTON**
(925) 227-9200
FAX (925) 227-0202

**RIVERSIDE**
(951) 683-1122
FAX (951) 683-1144

**FRESNO**
(559) 225-6700
FAX (560) 225-3416

**SACRAMENTO**
(916) 923-1200
FAX (916) 923-1222

**SAN DIEGO**
(858) 485-9526
FAX (858) 485-9412

OUR FILE NUMBER:

005778.00007
890597v1

March 26, 2008

*VIA FACSIMILE*
*AND FIRST CLASS MAIL*

Michael A. McGill
Lackie & Dammeier APC
367 North Second Avenue
Upland, CA  91786

Re:   <u>Kathy Salazar v. City of Montebello, et al.</u>

Dear Mr. McGill:

Pursuant to our earlier discussions regarding the deposition of Robert DeLaRee, currently scheduled for Friday, March 28, 2008, we are enclosing a copy of a disability notice facsimiled to our office by Isaac Schmidt, M.D. for your review.  Pursuant to the disability notice, we need to discuss other options for taking the deposition of Robert DeLaRee.  Our original offer to take the deposition at either our office, or preferably at the City of Montebello are still available.  However, we may need to change the date in order to provide ample opportunity to provide a conference room for the deposition.

Your anticipated reply is greatly appreciated.

Very truly yours,

ATKINSON, ANDELSON, LOYA, RUUD & ROMO

Marlon C. Wadlington

MCW/cb
Enclosure

F-1

3102777774

Isaac Schmidt

Mar 26 08 03:26p

**ISAAC SCHMIDT, M.D.**
ORTHOPAEDIC SURGERY
1125 S. Beverly Drive, Ste.601
Los Angeles, CA 90035
310.277.7774

Att. mcglen
wedlington.
562-653-3333

NAME  De la Ree  Robert            DATE   3-05-08

☒ THE ABOVE NAMED PATIENT IS UNDER MY CARE AS OF THE OBOVE DATE

☐ MAY RETURN TO REGULAR WORK ON _____

☐ IS TEMPORARILY TOTALLY DISABLED THROUGH _____

☐ IS PERMANENTLY TOTALLY DISABLED _____

☐ IS TEMPORARILY PARTIALLY DISABLED _____

☐ IS PERMANENTLY PARTIALLY DISABLED _____

☐ MAY RETURN TO WORK ON _____

☐ WITH RESTRICTIONS _____

☐ IF WORK WITH ABOVE RESTRICTIONS IS NOT AVAILABLE PATIENT IS
CONSIDERED TOTALLY DISABLED.                    (ISAAC SCHMIDT, M.D.)

Pt can't travel up to Upland                    BY: _____
due to medical reasons

** TOTAL PAGE.03 **

# EXHIBIT 8

# LACKIE & DAMMEIER
A PROFESSIONAL CORPORATION

FILE

*PROUDLY SERVING MEMBERS OF THE FOLLOWING PUBLIC SAFETY UNIONS:*

*ADELANTO CORRECTIONAL FEA
ALHAMBRA POA
ANAHEIM POA
AZUSA POA
AZUSA CAPP
BALDWIN PARK POA
BARSTOW POA
BEAUMONT POA
BELL POA
BUENA PARK POA
BURBANK AIRPORT POA
BURBANK POA
CALEXICO POA
CALIFORNIA CITY PFA
CA CORRECT. SUPV. ORG.
CATHEDRAL CITY POA
CHAFFEY COLLEGE POA
CHINO PMA
CHINO POA
CLAREMONT POA
COLTON POA
COMPTON USD POA
CORONA POA
COSTA MESA POA
CULVER CITY POA
CYPRESS POA
DELANO POA
DESERT HOT SPRINGS POA
EAST SAN GABRIEL POA
EL MONTE POA
FONTANA POA
FONTANA SCHOOLS POA
FRESNO POA
GARDENA POA
GARDEN GROVE POA
GLENDALE PARK RANGERS
GLENDORA POA
HEMET PMA
HERMOSA BEACH POA
HUNTINGTON PARK POA
IMPERIAL POA
INGLEWOOD POA
INGLEWOOD SCHOOLS POA
INYO DSA
IRWINDALE POA
LA HABRA POA
LA VERNE POA
LONG BEACH AIRPORT POA
LONG BEACH CC POA
L.A. AIRPORT POA
L.A. COPS
L.A. CORONERS INV. ASSN.
L.A. COUNTY POA
L.A. GENERAL SERV. POA
L.A. POLICE PROTECTIVE LEAGUE
L.A. PORT POA
L.A. SCHOOLS POA
MAMMOTH LAKES POA
MAYWOOD POA
MONO COUNTY DSA
MONO COUNTY PSA
MONROVIA POA
MONTCLAIR POA
MONTEBELLO POA
MONTEREY PARK POA
MONTEREY POA
MURRIETA POA
PORAC'S LDF
RETIRED POAC
RIALTO PMA
RIALTO POA
RIDGECREST POA
RIVERSIDE POA
RIVERSIDE SHERIFFS LEMU
SAN BERNARDINO PAA
SAN BERNARDINO COUNTY POA
SAN DIEGO COLLEGE POA
SAN FERNANDO POA
SAN GABRIEL POA
SAN MARINO POA
SANTA PAULA POA
SIERRA MADRE POA
SIGNAL HILL POA
SOUTH GATE POA
TEAMSTERS, LOCAL 911
TORRANCE POA
TRINIDAD POA
UPLAND PFA
UPLAND POA
U.C. BERKELEY POA
U.C. DAVIS POA
U.C. IRVINE POA
U.C. LOS ANGELES POA
U.C. MERCED POA
U.C. RIVERSIDE POA
U.C. SAN DIEGO POA
U.C. SAN FRANCISCO POA
U.C. SANTA BARBARA POA
U.C. SANTA CRUZ POA
VICTORVILLE PFA
WESTMINSTER POA*

367 NORTH SECOND AVENUE
UPLAND, CALIFORNIA 91786
TELEPHONE: (909) 985-4003
FACSIMILE: (909) 985-3299

DIETER C. DAMMEIER
SAKU E. ETHIR
MICHAEL A. MCGILL
ANDREW M. DAWSON
TIMOTHY M. PESCATELLO
JOHN H. BAKHIT
JOHN J. PEARSON
STEVEN J. BROCK
JULIO A. JARAMILLO
ZAHRA KHOURY

OF COUNSEL
MICHAEL D. LACKIE, APC

SENDER'S EMAIL:
MCGILL@POLICEATTORNEY.

March 27, 2008

**VIA FACSIMILE & MAIL**
**(562) 653-3333**

Marlon C. Wadlington, Esq.
Atkinson, Andelson, Loya, Ruud & Romo
17871 Park Plaza Drive, Suite 200
Cerritos, CA 90703-8597

    *Re:*    *Kathy Salazar v. City of Montebello, et al.*
           *Case No.: CV 07-0055 ABC (FFMx)*

Dear Mr. Wadlington:

      I am in receipt of your correspondence of March 26, 2008, in which you provide, for the first time, a doctor's note that appears to state that Mr. DeLaRee cannot "travel up to Upland, Calif due to medical reasons." The note is highly suspicious as it appears to have been written over by someone and the date is unclear. I am also concerned by the timeliness of this note, given your previous email that Mr. DeLaRee wants a "neutral" site. It is abundantly clear that he is attempting to avoid the deposition simply because he does not want to travel 30 miles to my office.

      Notwithstanding these shenanigans, you have failed to obtain any legal protections that would exclude Mr. DeLaRee's appearance tomorrow at my office for deposition. You have not obtained a protective order and you have not sought a motion to quash. Thus, there is no legal excuse for not appearing. New England Carpenters Health Benefits Fund v. First Databank, Inc. (D MA 2007) 242 F.R.D. 164, 166—party who objects to noticed deposition cannot refuse to appear but must obtain protective order. In addition, there is no requirement that failure to appear or respond be willful before sanctions may be imposed. Lew v. Kona Hosp. (9th Cir. 1985) 754 F.2d 1420, 1426; Adv. Comm. Notes (1970).

      As you know, in federal court, a party who fails to appear for deposition is subject to sanctions *even in the absence of a prior order*. FRCP 37(d); Hilao v. Estate of Marcos (9th Cir. 1996) 103 F.3d 762, 764–765. For failure to appear, the court may order the matters at issue (or any other designated facts) "established" for purposes of the action. FRCP 37(b)(2)(A)(i); Insurance Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee (1982) 456 U.S. 694, 695, 102 S.Ct. 2099, 2100. Furthermore, for failing to appear, the court may order the disobedient party *"precluded"* from supporting or opposing designated claims or defenses, or from introducing designated matters into evidence. FRCP 37(b)(2)(A)(ii); Von Brimer v. Whirlpool Corp. (9th Cir. 1976) 536 F.2d 838, 844; Reilly v. Natwest Markets Group Inc. (2nd Cir. 1999) 181 F.3d 253, 269.

Marlon C. Wadlington, Esq.
March 27, 2008
Page Two

For blatant violations, such as we have here, the court may sanction the disobedient party (the City) by striking its answer, thus placing it in default. FRCP 37(b)(2)(A)(iii)-(iv); United States v. Kahaluu Const. Co. (9th Cir. 1998) 857 F.2d 600, 602. In addition to evidentiary and terminating sanctions, reasonable expenses, including attorney fees, are also awarded against a party who fails to appear for their deposition. [FRCP 37(b)(2)(C); Lew v. Kona Hosp. (9th Cir. 1985) 754 F.2d 1420, 1427—no showing of willfulness required.

Finally, I note that you did not appear for Mr. Couso-Vasquez's deposition today despite my agreement to continue the deposition only if you obtained an alternative date prior to today's deposition. For these reasons, I expect Mr. DeLaRee to be present tomorrow at my office at 9:00 a.m. ready to commence his deposition. If he is not, I will proceed with a motion to compel seeking sanctions as outlined above against you, the city, and Mr. DeLaRee.

Very truly yours,

LACKIE & DAMMEIER APC

Michael A. McGill

MAM/aj

cc: Kathy Salazar (via email only)



## hp LaserJet *3015*

LACKIE&DAMMEIER
909 9853299
Mar-27-2008    9:36AM

---

## Fax Call Report

| Job | Date | Time | Type | Identification | Duration | Pages | Result |
|-----|------|------|------|----------------|----------|-------|--------|
| 213 | 3/27/2008 | 9:33:49AM | Send | 915626533333 | 2:11 | 3 | OK |

---

**LACKIE & DAMMEIER APC**
367 North Second Avenue
Upland, CA 91786
Telephone: 909-985-4003
Fax: 909-985-3299

# FAX COVER SHEET

FACSIMILE NUMBER TRANSMITTED TO:  (562) 653-3333

| | |
|---|---|
| **To:** | Marlon C. Wadlington, Esq. |
| | Atkinson, Andelson, Loya, Ruud & Romo |
| **From:** | Michael McGill |
| **Date:** | March 27, 2008 |
| **Re:** | *Kathy Salazar v. City of Montebello* |

| DOCUMENTS | NUMBER OF PAGES* |
|-----------|------------------|
| Correspondence dated March 27, 2008 | 2 |
| | |

\* NOT COUNTING COVER SHEET. IF YOU DO NOT RECEIVE ALL PAGES, PLEASE TELEPHONE US
IMMEDIATELY AT 909-985-4003.

### CONFIDENTIALITY NOTICE

*The documents accompanying this facsimile transmission contain confidential information
belonging to the sender which is legally privileged.  The information is intended only for the
use of the individual or entity named above.  If you are not the intended recipient, you are
hereby notified that any disclosure, copying, distribution or the taking of any action in
reliance on the contents of this facsimile information is strictly prohibited.  If you have
received this facsimile in error, please immediately notify the sender by telephone to arrange
for the return of the original documents.*

# LACKIE & DAMMEIER A

367 North Second Avenue
Upland, CA 91786
Telephone: 909-985-4003
Fax: 909-985-3299

# FAX COVER SHEET

**FACSIMILE NUMBER TRANSMITTED TO:** (562) 653-3333

**To:**     Marlon C. Wadlington, Esq.
            Atkinson, Andelson, Loya, Ruud & Romo

**From:**   Michael McGill

**Date:**   March 27, 2008

**Re:**     *Kathy Salazar v. City of Montebello*

| DOCUMENTS | NUMBER OF PAGES* |
|---|---|
| Correspondence dated March 27, 2008 | 2 |
| | |

\* NOT COUNTING COVER SHEET. IF YOU DO NOT RECEIVE <u>ALL</u> PAGES, PLEASE TELEPHONE US IMMEDIATELY AT 909-985-4003.

## CONFIDENTIALITY NOTICE

*The documents accompanying this facsimile transmission contain confidential information belonging to the sender which is legally privileged. The information is intended only for the use of the individual or entity named above. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution or the taking of any action in reliance on the contents of this facsimile information is strictly prohibited. If you have received this facsimile in error, please immediately notify the sender by telephone to arrange for the return of the original documents.*

# Michael McGill

| | |
|---|---|
| **From:** | Michael McGill [mcgill@policeattorney.com] |
| **Sent:** | Thursday, March 27, 2008 8:19 AM |
| **To:** | mcgill@policeattorney.com |
| **Subject:** | Fwd: Salazar v. City of Montebello |

```
--- Forwarded Message ---
From:"Michael McGill" <mcgill@policeattorney.com> Sent:Tue 3/25/08  11:57 am
To:MWadlington@aalrr.com
Cc:
Subj:Re: Salazar v. City of Montebello
```

Negative.  The deposition will go forward at my office on Friday.  Mr Delaree can drive the 30 miles and take breaks as necessary.  I will accomodate him at his request, but the depo will go forward at my office.  The md note did not say he couldn't come to my office.

Let me know what time Mr Delaree wants to start at.

Mike

```
--- Original Message ---
From:"Marlon C. Wadlington" <MWadlington@aalrr.com> Sent:Tue 3/25/08  3:29 pm
To:"mcgill@policeattorney.com" <mcgill@policeattorney.com> Cc:"Irma Rodriguez Moisa"
<IMoisa@aalrr.com> Subj:Salazar v. City of Montebello
```

In regard to the deposition of Defendant Gary Cousso-Vazquez, pursuant to our earlier communications regarding his recovery from back surgery, and the court's approval of the stipulation to continue the discovery and motion cut-off dates, that deposition will not be going forward on March 27, 2008.

In regard to the deposition of Robert DeLaRee, we discussed on Friday whether there were any locations, other than your offices in the city of Upland, where the deposition could take place.  This request was made pursuant to the doctor's note submitted stating that Mr. DeLaRee is not to sit, stand, or walk for long distances.  We offered to have the deposition remain on calendar, but be taken at our office, or at the city of Montebello's offices.  In speaking with Mr. DeLaRee today, he is adamant that a drive and deposition at your offices will cause him great
discomfort.   Thus, do you want to proceed with the deposition at the
other proposed locations, or do you want to continue the depositions to a later date?

I will await your response.

Marlon C. Wadlington

Attorney

====================================

This email message is for the sole use of the intended

recipient(s) and may contain privileged and confidential

information. Any unauthorized review, use, disclosure or

1

distribution is prohibited.


If you are not the intended recipient, please contact the
sender by reply email and destroy all copies of the original
message. Thank you.

**EXHIBIT 9**

ATKINSON, ANDELSON, LOYA, RUUD & ROMO

A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW

17871 PARK PLAZA DRIVE
CERRITOS, CALIFORNIA 90703-8597
(562) 653-3200 - (714) 826-5480

**PLEASANTON**
(925) 227-9200
FAX (925) 227-9202

**RIVERSIDE**
(951) 683-1122
FAX (951) 683-1144

**FRESNO**
(559) 225-9700
FAX (559) 225-3416

FAX (562) 653-3333
WWW.AALRR.COM

**SACRAMENTO**
(916) 923-1200
FAX (916) 923-1222

**SAN DIEGO**
(858) 485-9526
FAX (858) 485-9412

OUR FILE NUMBER:

005779.00007
691125v1

March 27, 2008

*VIA FACSIMILE (909) 985-3299*
*AND FIRST CLASS MAIL*

Michael A. McGill
Lackie & Dammeier APC
367 North Second Avenue
Upland, CA 91786

Re:    **Kathy Salazar v. City of Montebello, et al.**

Dear Mr. McGill:

I am in receipt of your letter dated March 26, 2007 regarding the depositions of Defendant Gary Cousso-Vazquez and Robert DeLaRee. Regarding the former, I spoke with your assistant on Tuesday to discuss alternate dates for his deposition as per our agreement, and with court approval, the discovery cut-off was continued. Your assistant informed me that you were out of the office at a seminar and I informed her that we could discuss dates for the deposition upon your return. Please contact me to discuss dates in late April, or early May to conduct that deposition.

In regard to Robert DeLaRee, we have been attempting to facilitate the taking of the deposition. However, he has provided you with a medical certificate stating that he cannot travel to your offices in Upland. I am not in a position to comment on the veracity of the doctor's note and further, do not have any motivation to prohibit this deposition from going forward. I would also like to point out that he is not a party to this litigation and is no longer an employee of the City of Montebello, in any capacity. Along those lines, if at the time of the deposition a person is sought to be deposed is no longer a director, officer, or managing agent of an entity, a subpoena is necessary to compel his or her attendance. Colonial Capital Co. v. General Motors Corp (1961) 29 FRD 514, 515. While we will continue to work with you to produce Mr. DeLaRee for deposition, we may want to try and accommodate his concerns as opposed to threatening him into attending your office tomorrow.

Finally, I am enclosing a recent Opinion that was issued by the Attorney General for your review. You will note that an inquiry was made regarding a city's ability to enter into a settlement agreement with a current council person arising out of actions that occurred while that individual was a private citizen. You will see from the Opinion that it supports our contention that the City would be violating Government Code Section 1090's prohibition against entering into agreements that are presumed be a conflicts of interest, and thus void.

ATKINSON, ANDELSON, LOYA, RUUD & ROMO

Michael A. McGill
March 27, 2008
Page 2


Please contact my office to discuss dates for the deposition of Defendant Cousso- Vazquez, our mutual problem with the deposition of Robert DeLaRee, and to discuss your thoughts, if any, regarding the Attorney General's Opinion.

Very truly yours,

ATKINSON, ANDELSON, LOYA, RUUD & ROMO

Marlon C. Wadlington

MCW/lmp

Enclosure




# MONTHLY OPINION REPORT

## CALIFORNIA ATTORNEY GENERAL'S OFFICE

**EDMUND G. BROWN** Jr.
*Attorney General*

**JAMES HUMES**
*Chief Deputy Attorney General*

**MANUEL MEDEIROS**
*Solicitor General*

**SUSAN DUNCAN LEE**
*Supervising Deputy Attorney General*

**OPINION UNIT**
Daniel G. Stone, Deputy
Marc J. Nolan, Deputy
Taylor S. Carey, Deputy
Patricia Freeman, Staff Services Analyst

**OPINION UNIT**
**P. O. Box 944255**
**Sacramento, CA 94244-2550**
**(916) 324-5172**

**March 1, 2008**

## CONCLUSIONS OF OPINIONS ISSUED IN FEBRUARY 2008

### OPINION NO.

**07-104** Although the issue is not entirely free from doubt, under the current state of the law, we conclude that a court could invalidate as contrary to state law a city's compromise settlement of a suit for damages that was brought by a city council member, before his election to the council, against the city and its employees for alleged wrongful conduct committed against him as a private citizen, because the plaintiff council member's financial interest in the settlement would be prohibited by Government Code section 1090. (Issued 2/15/08)

## QUESTIONS SUBMITTED IN OPINION REQUESTS ASSIGNED DURING FEBRUARY 2008

**VIEWS SOLICITED:** The Attorney General welcomes and solicits the views of interested persons concerning the legal issues raised in any question submitted for an opinion. Views should be in writing and directed to the deputy assigned to prepare the opinion. The earlier such views are received, the more opportunity will be given to consider them in the opinion drafting and review process. All views submitted will be considered public records subject to disclosure under the Public Records Act.

The deputies assigned to the questions submitted can be reached at the following addresses and telephone numbers:

# ATKINSON, ANDELSON, LOYA, RUUD & ROMO

A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
17871 PARK PLAZA DRIVE, SUITE 200
CERRITOS, CA 90703-8597
(562) 653-3200 • (714) 826-5480
FAX: (562) 653-3333

## FACSIMILE TRANSMITTAL COVER SHEET

OUR FILE NUMBER
005779.00007
891127v1

March 27, 2008

| TO: | COMPANY | FAX#: | PHONE |
|---|---|---|---|
| Michael A. McGill | Lackie & Dammeier APC | (909) 985-3299 | |

FROM:      Marlon C. Wadlington

RE:        **Kathy Salazar v. City of Montebello**

MESSAGE:   Please see attached correspondence.

ORIGINAL WILL FOLLOW BY MAIL:      -Yes-

NUMBER OF PAGES (including this sheet):  4

If you do not receive the correct number of pages,
please contact Leslie Pettey at (562) 653-3200.

This facsimile message is intended only for the individual or entity named above and may contain privileged and confidential information. If you are not the intended recipient, or the employee or agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify this office immediately by telephone and return the original transmittal to us at the above address via the U.S. Postal Service. Thank you.

**EXHIBIT 10**

# LACKIE & DAMMEIER
A PROFESSIONAL CORPORATION

*PROUDLY SERVING MEMBERS OF
THE FOLLOWING PUBLIC SAFETY
UNIONS:*

*ADELANTO CORRECTIONAL FEA
ALHAMBRA POA
ANAHEIM POA
AZUSA POA
AZUSA CAPP
BALDWIN PARK POA
BARSTOW POA
BEAUMONT POA
BELL POA
BUENA PARK POA
BURBANK AIRPORT POA
BURBANK POA
CALEXICO POA
CALIFORNIA CITY PFA
CA CORRECT. SUPV. ORG.
CATHEDRAL CITY POA
CHAFFEY COLLEGE POA
CHINO PMA
CHINO POA
CLAREMONT POA
COLTON POA
COMPTON USD POA
CORONA POA
COSTA MESA POA
CULVER CITY POA
CYPRESS POA
DELANO POA
DESERT HOT SPRINGS POA
EAST SAN GABRIEL POA
EL MONTE POA
FONTANA POA
FONTANA SCHOOLS POA
FRESNO POA
GARDENA POA
GARDEN GROVE POA
GLENDALE PARK RANGERS
GLENDORA POA
HEMET PMA
HERMOSA BEACH POA
HUNTINGTON PARK POA
IMPERIAL POA
INGLEWOOD POA
INGLEWOOD SCHOOLS POA
INYO DSA
IRWINDALE POA
LA HABRA POA
LA VERNE POA
LONG BEACH AIRPORT POA
LONG BEACH CC POA
L.A. AIRPORT POA
L.A. COPS
L.A. CORONERS INV. ASSN.
L.A. COUNTY POA
L.A. GENERAL SERV. POA
L.A. POLICE PROTECTIVE LEAGUE
L.A. PORT POA
L.A. SCHOOLS POA
MAMMOTH LAKES POA
MAYWOOD POA
MONO COUNTY DSA
MONO COUNTY PSA
MONROVIA POA
MONTCLAIR POA
MONTEBELLO POA
MONTEREY PARK POA
MONTEREY POA
MURRIETA POA
PORAC'S LDF
RETIRED POAC
RIALTO PMA
RIALTO POA
RIDGECREST POA
RIVERSIDE POA
RIVERSIDE SHERIFFS LEMU
SAN BERNARDINO POA
SAN BERNARDINO COUNTY POA
SAN DIEGO COLLEGE POA
SAN FERNANDO POA
SAN GABRIEL POA
SAN MARINO POA
SANTA PAULA POA
SIERRA MADRE POA
SIGNAL HILL POA
SOUTH GATE POA
TEAMSTERS, LOCAL 911
TORRANCE POA
TRINIDAD PFA
UPLAND PFA
UPLAND POA
U.C. BERKELEY POA
U.C. DAVIS POA
U.C. IRVINE POA
U.C. LOS ANGELES POA
U.C. MERCED POA
U.C. RIVERSIDE POA
U.C. SAN DIEGO POA
U.C. SAN FRANCISCO POA
U.C. SANTA BARBARA POA
U.C. SANTA CRUZ POA
VICTORVILLE PFA
WESTMINSTER POA*



367 NORTH SECOND AVENUE
UPLAND, CALIFORNIA 91786
TELEPHONE: (909) 985-4003
FACSIMILE: (909) 985-3299

DIETER C. DAMMEIER
SAKU E. ETHIR
MICHAEL A. MCGILL
ANDREW M. DAWSON
TIMOTHY M. PESCATELLO
JOHN H. BAKHIT
JOHN J. PEARSON
STEVEN J. BROCK
JULIO A. JARAMILLO
ZAHRA KHOURY

OF COUNSEL
MICHAEL D. LACKIE, APC

SENDER'S EMAIL:
MCGILL@POLICEATTORNEY.C

March 27, 2008

**VIA FACSIMILE & MAIL**
**(562) 653-3333**

Marlon C. Wadlington, Esq.
Atkinson, Andelson, Loya, Ruud & Romo
17871 Park Plaza Drive, Suite 200
Cerritos, CA 90703-8597

      Re:    *Kathy Salazar v. City of Montebello, et al.*
            *Case No.: CV 07-0055 ABC (FFMx)*

Dear Mr. Wadlington:

      This is the first time you have mentioned that Mr. DeLaRee no longer works for the City of Montebello. Are you representing him in this matter and will you accept service of a subpoena, or shall I send my process server to his home tomorrow?

      As for Couso-Vasquez, provide me with three available dates in April, not in May. May is too late, as the discovery cut-off is May 14th. If I don't receive available dates by the end of next week, I will notice him for a date at my discretion.

      Very truly yours,

      LACKIE & DAMMEIER APC

      Michael A. McGill

MAM/aj

cc: Kathy Salazar (via email only)

hp LaserJet *3015*



LACKIE&DAMMEIER
909 9853299
Mar-27-2008   3:01PM

| Fax Call Report | | | | | | | |
| --- | --- | --- | --- | --- | --- | --- | --- |

| Job | Date | Time | Type | Identification | Duration | Pages | Result |
| --- | --- | --- | --- | --- | --- | --- | --- |
| 227 | 3/27/2008 | 3:00:02PM | Send | 915626533333 | 1:28 | 2 | OK |

**LACKIE & DAMMEIER APC**
367 North Second Avenue
Upland, CA 91786
Telephone: 909-985-4003
Fax: 909-985-3299

# FAX COVER SHEET

FACSIMILE NUMBER TRANSMITTED TO: (562) 653-3333

| | |
| --- | --- |
| **To:** | Marlon C. Wadlington, Esq.<br>Atkinson, Andelson, Loya, Ruud & Romo |
| **From:** | Michael McGill |
| **Date:** | March 27, 2008 |
| **Re:** | *Kathy Salazar v. City of Montebello, et al.*<br>*Case No.: CV 07-0055 ABC (FFMx)* |

| DOCUMENTS | NUMBER OF PAGES* |
| --- | --- |
| Correspondence dated March 27, 2008 | 1 |
| | |

\* NOT COUNTING COVER SHEET. IF YOU DO NOT RECEIVE ALL PAGES, PLEASE TELEPHONE US
IMMEDIATELY AT 909-985-4003.

<u>CONFIDENTIALITY NOTICE</u>

*The documents accompanying this facsimile transmission contain confidential information belonging to the sender which is legally privileged. The information is intended only for the use of the individual or entity named above. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution or the taking of any action in reliance on the contents of this facsimile information is strictly prohibited. If you have received this facsimile in error, please immediately notify the sender by telephone to arrange for the return of the original documents.*

# EXHIBIT 11

## Michael McGill

**From:**     Marlon C. Wadlington [MWadlington@aalrr.com]

**Sent:**     Friday, March 28, 2008 11:11 AM

**To:**        mcgill@policeattorney.com

**Subject:** RE: Salazar v. City of Montebello

Hello Michael.  I am waiting for a response from Mr. DeLaRee regarding whether he wants us to accept service for him.  I don't anticipate a problem with this.  However, please allow me to confirm with him before I give you the o.k.

> -----Original Message-----
> **From:** Michael McGill [mailto:mcgill@policeattorney.com]
> **Sent:** Friday, March 28, 2008 9:32 AM
> **To:** Marlon C. Wadlington
> **Subject:** RE: Salazar v. City of Montebello
>
> I need to know today by noon whether you will be accepting service of the subpoena for Mr. DeLaRee.  If I do not hear from you, I will dispatch my courier.  Also, if you accept service, does he require the witness fee and mileage?
>
> Mike

## Michael McGill

| | |
|---|---|
| **From:** | Marlon C. Wadlington [MWadlington@aalrr.com] |
| **Sent:** | Friday, March 28, 2008 1:41 PM |
| **To:** | mcgill@policeattorney.com |
| **Subject:** | RE: Salazar v. City of Montebello |

I spoke to Mr. DeLaRee, and he authorized us to accept service of the deposition subpoena.

> -----Original Message-----
> **From:** Michael McGill [mailto:mcgill@policeattorney.com]
> **Sent:** Friday, March 28, 2008 9:32 AM
> **To:** Marlon C. Wadlington
> **Subject:** RE: Salazar v. City of Montebello
>
> I need to know today by noon whether you will be accepting service of the subpoena for Mr. DeLaRee. If I do not hear from you, I will dispatch my courier. Also, if you accept service, does he require the witness fee and mileage?
>
> Mike

**EXHIBIT 12**

FILE

## Issued by the

# UNITED STATES DISTRICT COURT

### Central District of California

KATHY SALAZAR

V.

CITY OF MONTEBELLO, ET AL.

**SUBPOENA IN A CIVIL CASE**

Case Number:[1]  CV07-0055 ABC (FFMx)

TO:  ROBERT DELAREE

☐  YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☑  YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION   Lackie & Dammeier APC, 367 N 2nd Avenue, Upland CA 91786 | DATE AND TIME   4/10/2008 9:00 am |
|---|---|

☐  YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

| PLACE | DATE AND TIME |
|---|---|

☐  YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify.  Federal Rule of Civil Procedure 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)   (attorney for Plaintiff) | DATE   3/27/2008 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

Michael A. McGill, Esq. Lackie & Dammeier 367 N 2nd Avenue, Upland CA 91786 909-985-4003

(See Federal Rule of Civil Procedure 45 (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

AO88  (Rev.  12/07) Subpoena in a Civil Case (Page 2)

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____          _____
                          DATE                                                  SIGNATURE OF SERVER

                                                                        _____
                                                                        ADDRESS OF SERVER

Federal Rule of Civil Procedure 45 (c), (d), and (e), as amended on December 1, 2007:

(c) PROTECTING A PERSON SUBJECT TO A SUBPOENA.
(1) Avoiding Undue Burden or Expense; Sanctions. A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.
(2) Command to Produce Materials or Permit Inspection.
(A) Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
(B) Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.
(3) Quashing or Modifying a Subpoena.
(A) When Required. On timely motion, the issuing court must quash or modify a subpoena that:
(i) fails to allow a reasonable time to comply;
(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
(B) When Permitted. To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:
(i) disclosing a trade secret or other confidential research, development, or commercial information;
(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or
(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial
(C) Specifying Conditions as an Alternative. In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.

(d) DUTIES IN RESPONDING TO A SUBPOENA.
(1) Producing Documents or Electronically Stored Information. These procedures apply to producing documents or electronically stored information:
(A) Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
(B) Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
(C) Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.
(D) Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.
(2) Claiming Privilege or Protection.
(A) Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
(B) Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT.
The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

**PROOF OF SERVICE**

I declare that I am over the age of eighteen (18) and not a party to this action. My business address is 367 North Second Ave., Upland, California 91786.

On **March 31, 2008,** I served the following document described as **SUBPOENA IN CIVIL CASE** on the interested parties in this action by placing a true and correct copy of each document thereof, enclosed in a sealed envelope addressed as follows:

Irma Rodriguez, Esq.
Marlon C. Wadlington, Esq.
Atkinson, Andelson, Loya, Ruud & Romo, APC
17871 Park Plaza Drive, Suite 200
Cerritos, CA 90703-8597
Tel: (562) 653-3200
Fax: (562) 653-3333

(X)   I am readily familiar with the business practice for collection and processing of correspondence for mailing with the United States Postal Service. I know that the correspondence was deposited with the United States Postal Service on the same day this declaration was executed in the ordinary course of business. I know that the envelope was sealed and, with postage thereon fully prepaid, placed for collection and mailing on this date in the United States mail at Upland, California.

(  )   By Personal Service, I caused such envelope to be delivered by hand to the above addressee(s).

(  )   By overnight courier, I caused the above-referenced document(s) to be delivered to an overnight courier service (UPS), for delivery to the above addressee(s).

(X)   By facsimile machine, I caused the above-referenced document(s) to be transmitted to the above-named persons(s) at the following telecopy number:

(  )   Certified Mail:

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed March 31, 2008 at Upland, California.

Arlene Juarez

## hp LaserJet *3015*



LACKIE&DAMMEIER
909 9853299
Mar-31-2008   9:25AM

---

## Fax Call Report

| Job | Date | Time | Type | Identification | Duration | Pages | Result |
|-----|------|------|------|----------------|----------|-------|--------|
| 278 | 3/31/2008 | 9:23:56AM | Send | 915626533333 | 1:56 | 3 | OK |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

**LACKIE & DAMMEIER APC**
367 North Second Avenue
Upland, CA 91786
Telephone: 909-985-4003
Fax: 909-985-3299

# FAX COVER SHEET

**FACSIMILE NUMBER TRANSMITTED TO: 562-653-3333**

| | |
|---|---|
| **To:** | Marlon C. Wadlington, Esq. |
| | Atkinson, Andelson, Loya, Ruud & Romo, APC |
| **From:** | Michael McGill |
| **Date:** | March 31, 2008 |
| **Re:** | *Kathy Salazar vs. City of Montebello* |

| DOCUMENTS | NUMBER OF PAGES* |
|-----------|------------------|
| Civil Subpoena | 2 |
| | |

\* NOT COUNTING COVER SHEET. IF YOU DO NOT RECEIVE <u>ALL</u> PAGES, PLEASE TELEPHONE US
IMMEDIATELY AT 909-985-4003.

<u>CONFIDENTIALITY NOTICE</u>

*The documents accompanying this facsimile transmission contain confidential information belonging to the sender which is legally privileged. The information is intended only for the use of the individual or entity named above. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution or the taking of any action in reliance on the contents of this facsimile information is strictly prohibited. If you have received this facsimile in error, please immediately notify the sender by telephone to arrange for the return of the original documents.*

**LACKIE & DAMMEIER APC**
367 North Second Avenue
Upland, CA 91786
Telephone: 909-985-4003
Fax: 909-985-3299

# FAX COVER SHEET

## FACSIMILE NUMBER TRANSMITTED TO:  562-653-3333

**To:**      Marlon C. Wadlington, Esq.
            Atkinson, Andelson, Loya, Ruud & Romo, APC

**From:**    Michael McGill

**Date:**    March 31, 2008

**Re:**      *Kathy Salazar vs. City of Montebello*

| DOCUMENTS | NUMBER OF PAGES* |
|---|---|
| Civil Subpoena | 2 |
|  |  |

\* NOT COUNTING COVER SHEET. IF YOU DO NOT RECEIVE <u>ALL</u> PAGES, PLEASE TELEPHONE US IMMEDIATELY AT 909-985-4003.

### CONFIDENTIALITY NOTICE

*The documents accompanying this facsimile transmission contain confidential information belonging to the sender which is legally privileged.  The information is intended only for the use of the individual or entity named above.  If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution or the taking of any action in reliance on the contents of this facsimile information is strictly prohibited.  If you have received this facsimile in error, please immediately notify the sender by telephone to arrange for the return of the original documents.*

3/31/2008
10:50 AM

**LACKIE & DAMMEIER**
Slip Listing

Page 1

---

### Selection Criteria

| | |
|---|---|
| Slip.Transaction Dat | 3/31/2008 - 3/31/2008 |
| Clie.Selection | Include: Salazar,Kathy-01 |
| Clie.Selection | Include: Salazar,Kathy-01 |
| Slip.Classification | Open |
| Clie.Selection | Include: Salazar,Kathy-01 |

---

Rate Info - identifies rate source and level

| Slip ID<br>Dates and Time<br>Posting Status<br>Description | Attorney<br>Activity<br>Client<br>Reference | Units<br>DNB Time<br>Est. Time<br>Variance | Rate<br>Rate Info<br>Bill Status | Slip Value |
|---|---|---|---|---|
| 192541          EXP<br>3/31/2008<br>WIP<br>Witness fees paid: Deposition of Robert Delaree | BGJ<br>Witness Fees<br>Salazar,Kathy-01 | 1 | 55.66 | 55.66 |

| Grand Total | | | | |
|---|---|---|---|---|
| | Billable | 0.00 | | 55.66 |
| | Unbillable | 0.00 | | 0.00 |
| | Total | 0.00 | | 55.66 |

NEED CHECK PAYABLE TO:

ROBERT DELAREE



**EXHIBIT 13**

## Michael McGill

**From:** Marlon C. Wadlington [MWadlington@aalrr.com]

**Sent:** Wednesday, April 09, 2008 1:52 PM

**To:** mcgill@policeattorney.com

**Subject:** RE: Salazar v. City of Montebello

Hello Michael. I spoke to Robert DeLaRee. He indicated that he is having a reaction to the medication he is on. He believes his surgery will take place in the next ten days and the rehabilitation will last for 6 to 8 weeks. His doctor is sending another certificate to this effect. I will attach the notices for DeLaRee and the Chief to any stipulation to continue trial we agree to. Let me know your thoughts.

-----Original Message-----
**From:** Michael McGill [mailto:mcgill@policeattorney.com]
**Sent:** Wednesday, April 09, 2008 12:12 PM
**To:** Marlon C. Wadlington
**Subject:** RE: Salazar v. City of Montebello

I anticipated a quick call back. So we are clear, I have not yet agreed to continue his deposition. So if I don't hear from you (because he won't call you back), we are going forward tomorrow.

Once we can agree to a new date, I will take tomorrow off calendar.

Thx
Mike

**EXHIBIT 14**

ATKINSON, ANDELSON, LOYA, RUUD & ROMO
A Professional Corporation
Irma Rodriguez Moisa          State Bar No. 162272
imoisa@aalrr.com
Marlon C. Wadlington          State Bar No. 192138
mwadlington@aalrr.com
Susan A. Rodriguez            State Bar No. 146974
srodriguez@aalrr.com
17871 Park Plaza Drive, Suite 200
Cerritos, California 90703-8597
Telephone: (562) 653-3200 • (714) 826-5480
Facsimile: (562) 653-3333

Attorneys for City of Montebello and Garry
Couso-Vasquez

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KATHY SALAZAR,<br><br>              Plaintiff,<br><br>vs.<br><br>CITY OF MONTEBELLO, a Municipal Corporation; GARRY COUSO-VASQUEZ, individually and as Chief of Police for the City of Montebello Police Department,<br><br>              Defendant. | CASE NO.: CV07-0055 ABC (FFMx)<br><br>JUDGE:  Audrey B. Collins<br><br>**STIPULATION REQUESTING A CONTINUANCE OF THE TRIAL, DISCOVERY CUT-OFF DATE AND CUT-OFF DATE FOR MOTIONS TO BE FILED**<br><br>Complaint filed:  1/3/07<br><br>[Filed concurrently with the Proposed Order] |

Defendants, the CITY OF MONTEBELLO and GARRY COUSO-VASQUEZ, ("City"), by and through its counsel of record, Atkinson, Andelson, Loya, Ruud & Romo, and Plaintiff KATHY SALAZAR ("Plaintiff") by and through her counsel of record Lackie & Dammeier APC are filing this Stipulation requesting a continuance of the trial, discovery cut-off date, and cut-off date for motions to be filed.

The parties originally filed a stipulation with the court representing that Defendant Garry Couso-Vasquez had recently underwent a back surgery and was

not able to meaningfully participate in deposition or his own defense in this lawsuit. Since the date of our last request for a continuance, we have received a medical certificate from his physician listing restrictions that would greatly inhibit his ability to participate in the deposition process. Furthermore, Defendant Couso-Vasquez will provide if necessary, a declaration indicating that his ability to participate in the deposition process and his own defense in this litigation is greatly hampered by the medications prescribed by his medical providers arising out of his lumbar disc surgery.

Furthermore, one of the key witnesses to this litigation, Robert DeLaRee, will undergo a hip replacement surgery within the next few weeks and the recuperation period for that procedure will take anywhere between six to eight weeks. We are enclosing a copy of the disability certificate forwarded by Robert DeLaRee's medical provider.

The court originally continued the discovery cut-off date from April 14, 2008, until May 14, 2008, and continued the motion cut-off date from May 5, 2008 until June 2, 2008. The court wisely noted that the final pre-trial conference and jury trial dates may have to be continued also.

Based upon the developments regarding the medical conditions of defendant Garry Couso-Vasquez and witness Robert DeLaRee, the parties **HEREBY STIPULATE** that the court continue the trial date, discovery cut-off date, and motion cut-off dates in this matter. Pursuant to the six to eight week recover period for Robert DeLaRee, the parties respectfully request that all dates in this matter currently scheduled be continued for a period of approximately three months. Thus, the parties respectfully request that the discovery date be continued from May 14, 2008 until August 14, 2008. Furthermore, the parties request that the motion cut-off date in this matter be continued from June 2, 2008 until September 1, 2008. Finally, the parties request that the trial in this matter be continued from August 19, 2008 until November 25, 2008.

ATKINSON, ANDELSON, LOYA, RUUD & ROMO
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
17871 PARK PLAZA DRIVE, SUITE 200
CERRITOS, CALIFORNIA 90703-8597
TELEPHONE: (562) 653-3200 • (714) 826-5480
FACSIMILE: (562) 653-3333

1    Dated: April 15, 2008        ATKINSON, ANDELSON, LOYA, RUUD & ROMO

2

3                                 By: /s/ Marlon C. Wadlington

4                                    Irma Rodriguez Moisa
                                     Marlon C. Wadlington
5                                    Susan A. Rodriguez
                                     Attorneys for City of Montebello
6                                    and Garry Couso-Vasquez

7    Dated: April 15, 2008        LAKIE & DAMMEIER APC

8

9

10                                By:

11                                   Michael McGill, Esq.
                                     Attorneys for KATHY SALAZAR

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ATKINSON, ANDELSON, LOYA, RUUD & ROMO
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
17871 PARK PLAZA DRIVE, SUITE 200
CERRITOS, CALIFORNIA 90703-8597
TELEPHONE: (562) 653-3200 • (714) 826-5480
FACSIMILE: (562) 653-3333

005779.00007/899273v1

-3-

**CERTIFICATE OF SERVICE**

I am employed in the County of Los Angeles, State of California.  I am over the age of 18 years and am not a party to the within action; my business address is 17871 Park Plaza Drive, Suite 200, Cerritos, CA 90703-8597.

On April 15, 2008, I served the following document(s) described as **STIPULATION REQUESTING A CONTINUANCE OF THE TRIAL, DISCOVERY CUT-OFF DATE AND CUT-OFF DATE FOR MOTIONS TO BE FILED** on the interested parties in this action by placing a true copy thereof enclosed in sealed envelopes addressed as follows:

Michael A. McGill
Lackie & Dammeier APC
367 North Second Avenue
Upland, CA  91786
909-985-4003; 909-985-3299 FAX
mcgill@policeattorney.com

☒      **BY ELECTRONIC MAIL:** I have caused the above-mentioned document(s) to be electronically served on the above-mentioned person(s), who are currently on the list to receive e-mail notices for this case.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on April 15, 2008, at Cerritos, California.

/s/ Marlon C. Wadlington
MARLON C. WADLINGTON

ATKINSON, ANDELSON, LOYA, RUUD & ROMO
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
17871 PARK PLAZA DRIVE, SUITE 200
CERRITOS, CALIFORNIA 90703-8597
TELEPHONE: (562) 653-3200 (714) 826-5480
FACSIMILE: (562) 653-3333

**EXHIBIT 15**

## Michael McGill

| | |
|---|---|
| **From:** | Michael McGill |
| **Sent:** | Friday, June 27, 2008 1:16 PM |
| **To:** | Marlon C. Wadlington |
| **Cc:** | mcgill@policeattorney.com |
| **Subject:** | RE: Salazar v. City of Montebello |

I never heard back from you on this.  If I don't hear back from you by Monday, I'm going send out depo notices for dates convenient to me.

Mike

---

**From:** Michael McGill [mailto:mcgill@policeattorney.com] **On Behalf Of** Michael McGill
**Sent:** Thursday, June 05, 2008 3:02 PM
**To:** 'Marlon C. Wadlington'
**Subject:** RE: Salazar v. City of Montebello

We need to schedule depositions now...the witnesses should be good to go by now.  Let me know what dates in late June work for them.

Thx.
Mike

---

**From:** Marlon C. Wadlington [mailto:MWadlington@aalrr.com]
**Sent:** Tuesday, April 15, 2008 10:29 AM
**To:** mcgill@policeattorney.com
**Subject:** RE: Salazar v. City of Montebello

I did get it and will file it today.  Thanks.

> -----Original Message-----
> **From:** Michael McGill [mailto:mcgill@policeattorney.com]
> **Sent:** Monday, April 14, 2008 5:12 PM
> **To:** Marlon C. Wadlington
> **Subject:** RE: Salazar v. City of Montebello
>
> Did you get the signed stipulation.  I made one easy change.  Let me know when you get it.
> Mike

---

**From:** Marlon C. Wadlington [mailto:MWadlington@aalrr.com]
**Sent:** Wednesday, April 09, 2008 1:52 PM
**To:** mcgill@policeattorney.com
**Subject:** RE: Salazar v. City of Montebello

Hello Michael.  I spoke to Robert DeLaRee.  He indicated that he is having a reaction to the medication he is on.  He believes his surgery will take place in the next ten days and the rehabilitation will last for 6 to 8 weeks.  His doctor is sending another certificate to this effect.  I will attach the notices for DeLaRee and the Chief to any stipulation to continue trial we agree to.  Let me know your thoughts.

**EXHIBIT 16**

## Michael McGill

| | |
|---|---|
| **From:** | Marlon C. Wadlington [MWadlington@aalrr.com] |
| **Sent:** | Monday, June 30, 2008 10:07 AM |
| **To:** | Michael McGill |
| **Subject:** | RE: Salazar v. City of Montebello |

Hello Michael. Can you give me some dates later this month, or early next month that you are available and I will contact the deponents to confirm dates. Thanks.

---

**From:** Michael McGill [mailto:mcgill@policeattorney.com]
**Sent:** Friday, June 27, 2008 1:16 PM
**To:** Marlon C. Wadlington
**Cc:** mcgill@policeattorney.com
**Subject:** RE: Salazar v. City of Montebello

I never heard back from you on this. If I don't hear back from you by Monday, I'm going send out depo notices for dates convenient to me.

Mike

---

**From:** Michael McGill [mailto:mcgill@policeattorney.com] **On Behalf Of** Michael McGill
**Sent:** Thursday, June 05, 2008 3:02 PM
**To:** 'Marlon C. Wadlington'
**Subject:** RE: Salazar v. City of Montebello

We need to schedule depositions now...the witnesses should be good to go by now. Let me know what dates in late June work for them.

Thx.
Mike

---

**From:** Marlon C. Wadlington [mailto:MWadlington@aalrr.com]
**Sent:** Tuesday, April 15, 2008 10:29 AM
**To:** mcgill@policeattorney.com
**Subject:** RE: Salazar v. City of Montebello

I did get it and will file it today. Thanks.

    -----Original Message-----
    **From:** Michael McGill [mailto:mcgill@policeattorney.com]
    **Sent:** Monday, April 14, 2008 5:12 PM
    **To:** Marlon C. Wadlington
    **Subject:** RE: Salazar v. City of Montebello

    Did you get the signed stipulation. I made one easy change. Let me know when you get it.
    Mike

    ---

    **From:** Marlon C. Wadlington [mailto:MWadlington@aalrr.com]
    **Sent:** Wednesday, April 09, 2008 1:52 PM

**EXHIBIT 17**

## Michael McGill

**From:**   Michael McGill
**Sent:**   Wednesday, July 09, 2008 5:37 PM
**To:**     Marlon C. Wadlington
**Cc:**     mcgill@policeattorney.com
**Subject:** RE: Salazar v. City of Montebello

Still haven't received a response to my last email.

I am going to serve an ex parte motion w/ request for sanctions tomorrow morning if we don't resolve this.

Mike

---

**From:** Michael McGill
**Sent:** Wednesday, July 02, 2008 3:17 PM
**To:** 'Marlon C. Wadlington'
**Subject:** RE: Salazar v. City of Montebello

What are you talking about?  Delaree was scheduled to have hip replacement surgery a few weeks after our stipulation in April.  Are you now telling me that he has not been recuperating from hip surgery since that time and has been able to be deposed this whole time...

Unless you explain this to me, we are going to go into court ex parte and get an order compelling him to appear for a deposition prior to his hip surgery, and a request for sanctions based upon either his misrepresentation or yours.

I expect an answer to these questions by the end of the day.

Mike

---

**From:** Marlon C. Wadlington [mailto:MWadlington@aalrr.com]
**Sent:** Wednesday, July 02, 2008 3:06 PM
**To:** Michael McGill
**Subject:** RE: Salazar v. City of Montebello

Hello Michael.  I spoke to the Chief and to Irma Rodriguez Moisa who will be defending the deposition of the Chief and they are both available on August 7, 2008.  As for Robert DeLaRee, he is scheduled to have a hip replacement surgery on July 30, 2008 and will be in an out of the hospital for the week prior to that time for testing.  Let's discuss how you want to proceed with his deposition.  He indicated that there is a 4 month at home recovery period subsequent to the surgery.

---

**From:** Michael McGill [mailto:mcgill@policeattorney.com]
**Sent:** Monday, June 30, 2008 2:56 PM
**To:** Marlon C. Wadlington
**Subject:** RE: Salazar v. City of Montebello

July 28, 30, or 31.

---

**From:** Marlon C. Wadlington [mailto:MWadlington@aalrr.com]

**Sent:** Monday, June 30, 2008 10:07 AM
**To:** Michael McGill
**Subject:** RE: Salazar v. City of Montebello

Hello Michael.  Can you give me some dates later this month, or early next month that you are available and I will contact the deponents to confirm dates.  Thanks.

---

**From:** Michael McGill [mailto:mcgill@policeattorney.com]
**Sent:** Friday, June 27, 2008 1:16 PM
**To:** Marlon C. Wadlington
**Cc:** mcgill@policeattorney.com
**Subject:** RE: Salazar v. City of Montebello

I never heard back from you on this.  If I don't hear back from you by Monday, I'm going send out depo notices for dates convenient to me.

Mike

---

**From:** Michael McGill [mailto:mcgill@policeattorney.com] **On Behalf Of** Michael McGill
**Sent:** Thursday, June 05, 2008 3:02 PM
**To:** 'Marlon C. Wadlington'
**Subject:** RE: Salazar v. City of Montebello

We need to schedule depositions now...the witnesses should be good to go by now.  Let me know what dates in late June work for them.

Thx.
Mike

---

**From:** Marlon C. Wadlington [mailto:MWadlington@aalrr.com]
**Sent:** Tuesday, April 15, 2008 10:29 AM
**To:** mcgill@policeattorney.com
**Subject:** RE: Salazar v. City of Montebello

I did get it and will file it today.  Thanks.

      -----Original Message-----
      **From:** Michael McGill [mailto:mcgill@policeattorney.com]
      **Sent:** Monday, April 14, 2008 5:12 PM
      **To:** Marlon C. Wadlington
      **Subject:** RE: Salazar v. City of Montebello

      Did you get the signed stipulation.  I made one easy change.  Let me know when you get it.
      Mike

---

**From:** Marlon C. Wadlington [mailto:MWadlington@aalrr.com]
**Sent:** Wednesday, April 09, 2008 1:52 PM
**To:** mcgill@policeattorney.com
**Subject:** RE: Salazar v. City of Montebello

Hello Michael.  I spoke to Robert DeLaRee.  He indicated that he is having a reaction to the medication he is on.  He believes his surgery will take place in the next ten days and the rehabilitation will last for 6 to 8

weeks. His doctor is sending another certificate to this effect. I will attach the notices for DeLaRee and the Chief to any stipulation to continue trial we agree to. Let me know your thoughts.

-----Original Message-----
**From:** Michael McGill [mailto:mcgill@policeattorney.com]
**Sent:** Wednesday, April 09, 2008 12:12 PM
**To:** Marlon C. Wadlington
**Subject:** RE: Salazar v. City of Montebello

I anticipated a quick call back. So we are clear, I have not yet agreed to continue his deposition. So if I don't hear from you (because he won't call you back), we are going forward tomorrow.

Once we can agree to a new date, I will take tomorrow off calendar.

Thx
Mike

**EXHIBIT 18**

## Michael McGill

**From:**    Marlon C. Wadlington [MWadlington@aalrr.com]
**Sent:**    Wednesday, July 09, 2008 7:03 PM
**To:**      Michael McGill
**Subject:**  RE: Salazar v. City of Montebello [AALRR-CERRITOS.FID464466]

I spoke to Robert DeLaRee today and he states that the original surgery he was going to have was a somewhat minor, non-complicated hip surgery. However, just prior to having that surgery he was told that he needed a full hip replacement and just received approval to have that surgery recently.  The first opportunity he has had to schedule the surgery with the new surgeon was on the 30th of this month.  I informed him that you may seek a court order and request sanctions.  He is prepared to explain to the court the difficulties he has had dealing with workers compensations doctors.

---

**From:** Michael McGill [mailto:McGill@policeattorney.com]
**Sent:** Wednesday, July 09, 2008 5:37 PM
**To:** Marlon C. Wadlington
**Cc:** mcgill@policeattorney.com
**Subject:** RE: Salazar v. City of Montebello

Still haven't received a response to my last email.

I am going to serve an ex parte motion w/ request for sanctions tomorrow morning if we don't resolve this.

Mike

---

**From:** Michael McGill
**Sent:** Wednesday, July 02, 2008 3:17 PM
**To:** 'Marlon C. Wadlington'
**Subject:** RE: Salazar v. City of Montebello

What are you talking about?  Delaree was scheduled to have hip replacement surgery a few weeks after our stipulation in April.  Are you now telling me that he has not been recuperating from hip surgery since that time and has been able to be deposed this whole time...

Unless you explain this to me, we are going to go into court ex parte and get an order compelling him to appear for a deposition prior to his hip surgery, and a request for sanctions based upon either his misrepresentation or yours.

I expect an answer to these questions by the end of the day.

Mike

---

**From:** Marlon C. Wadlington [mailto:MWadlington@aalrr.com]
**Sent:** Wednesday, July 02, 2008 3:06 PM
**To:** Michael McGill
**Subject:** RE: Salazar v. City of Montebello

Hello Michael. I spoke to the Chief and to Irma Rodriguez Moisa who will be defending the deposition of the Chief and they are both available on August 7, 2008. As for Robert DeLaRee, he is scheduled to have a hip replacement surgery on July 30, 2008 and will be in an out of the hospital for the week prior to that time for

# PROOF OF SERVICE

I declare that I am over the age of eighteen (18) and not a party to this action. My business address is 367 North Second Ave., Upland, California 91786.

On **July 10, 2008,** I served the following document described as **PLAINTIFF'S NOTICE OF EX PARTE APPLICATION AND EX PARTE APPLICATION FOR 1) AN ORDER COMPELLING THE ATTENDANCE OF WITNESS ROBERT DELAREE AT DEPOSITION; AND 2) SANCTIONS IN THE FORM OF ATTORNEY FEES AND COSTS IN THE AMOUNT OF $1,782.50; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF MICHAEL S. MCGILL** on the interested parties in this action by placing a true and correct copy of each document thereof, enclosed in a sealed envelope addressed as follows:

Marlon C. Wadlington, Esq.
Atkinson, Andelson, Loya, Ruud & Romo, APC
17871 Park Plaza Drive, Suite 200
Cerritos, CA 90703-8597
Tel: (562) 653-3200
Fax: (562) 653-3333

(X)    I am readily familiar with the business practice for collection and processing of correspondence for mailing with the United States Postal Service. I know that the correspondence was deposited with the United States Postal Service on the same day this declaration was executed in the ordinary course of business. I know that the envelope was sealed and, with postage thereon fully prepaid, placed for collection and mailing on this date in the United States mail at Upland, California.

(  )    By Personal Service, I caused such envelope to be delivered by hand to the above addressee(s).

(  )    By overnight courier, I caused the above-referenced document(s) to be delivered to an overnight courier service (UPS), for delivery to the above addressee(s).

(X)    By facsimile machine, I caused the above-referenced document(s) to be transmitted to the above-named persons(s) at the following telecopy number:

(  )    Certified Mail:

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed July 10, 2008 at Upland, California

Arlene Juarez